**QUITA, INC., Appellant,**

v.

**G. Lee HANEY, Appellee.**

**No. 11–90–238–CV.**

Court of Appeals of Texas, Eastland.

June 6, 1991.

Andrew Ottaway, Granbury, for appellant.

Joe Michael Russell, Smith, Ralston, Russell & Wright, Dallas, for appellee.

OPINION

ARNOT, Justice.

Quita, Inc. filed suit against G. Lee Haney for damages. When the case was called for trial, Quita did not appear, and the trial court dismissed its case for want of prosecution. Quita appeals the trial court's refusal to reinstate its case. The judgment of the trial court is reversed and remanded.

This suit was filed on May 12, 1988. Depositions were taken, hearings were held on discovery matters, and the case was set for trial on September 18, 1989, and again on December 4, 1989. Both settings were continued on the motion of Haney. On March 22, 1990, Quita substituted Andrew Ottaway as new counsel.

The case was set for trial on May 14, 1990. A pre-trial conference was held on May 7, 1990. At the conclusion of this conference, the court said:

> We just had our pretrial hearings and so forth here today. I mean, well, it was more or less a docket call situation.

I have noticed that this case is on the docket for the 14th. As a practical matter, I don't know whether it will be heard at this point on the 14th.

It may—I'm going to go ahead and set it number five, and we will—I have, of course, the criminal docket ahead of it and several—two comp cases and an old, old case that is set, so I—As far as the trial order is concerned, y'all would probably be third, the way things, the way I anticipate it to go, but we may not from a time standpoint be able to try it till the week of the 21st.

On May 14, the court called the case for trial. Quita failed to make an appearance, and the court dismissed the case for want of prosecution. It is undisputed that Quita's attorney, Ottaway, was in trial in Fort Worth on May 14.

TEX.R.CIV.P. 165a, Dismissal for Want of Prosecution, provides:

1. Failure to Appear. A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief *to appear for any* hearing or *trial* of which the party had notice.

\*       \*       \*       \*       \*       \*

3. Reinstatement. A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney....

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. (Emphasis added)

Quita filed a motion for reinstatement on May 16, 1990, the day after it received notice of the dismissal. The motion alleges that Ottaway misunderstood and believed the case would not be reached until the 21st, urging that his failure to appear was due to mistake and was not intentional or the result of conscious indifference. The pleadings allege that Ottaway, a sole practitioner, selected a jury and tried another case in another city on May 14, 1990. This trial lasted through May 15, 1990. A hearing on the motion was held, and the trial court took the matter under advisement. Quita's motion for reinstatement was overruled by operation of law.

Quita's motion for reinstatement demonstrated that counsel's failure to appear was due to mistake and was not intentional or the result of conscious indifference. Quita's attorney's absence was reasonably explained.

Haney does not contest the fact that Ottaway was in another trial. Haney does complain that Ottaway exerted conscious disregard or indifference to this case since its inception. We disagree. The activity in this case since Ottaway's substitution as counsel, his presence at the pre-trial hearing, and his reasonable explanation for his absence at trial indicate a mistake and not a conscious disregard. We conclude that the trial court abused its discretion in refusing to reinstate the dismissed case. *Mandujano v. Oliva,* 755 S.W.2d 512 (Tex. App.—San Antonio 1988, writ den'd); *S.B. & T. Gem Imports, Inc. v. Creswell,* 671 S.W.2d 145 (Tex.App.—Houston [1st Dist.] 1984, no writ).

The judgment of the trial court is reversed, and the cause is remanded for reinstatement and trial on the merits.