Esteban TORRES, Appellant,

v.

Edmond Garcia RIOS and Entex, A Division of Arkla, Appellees.

No. 13–92–500–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 16, 1993.

Thomas J. Henry, Joe Brad Brock, Bonilla & Berlanga, Corpus Christi, for appellant.

Leo Villarreal, Kingsville, for appellees.

Before SEERDEN, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## *OPINION*

SEERDEN, Chief Justice.

This is an appeal from an order dismissing appellant's cause of action for want of prosecution. Appellant complains that the trial court abused its discretion in dismissing his cause of action with prejudice. We reverse and remand.

### Factual Background

On January 10, 1992, the appellant, Esteban Torres, filed an original petition against the appellees alleging personal injury stemming from a pedestrian-auto collision occurring on October 4, 1990. Appellees filed their original answer on January 31, 1992. On April 8, 1992, the trial court signed a written order requiring all counsel of record to file a one-page overview of their case by May 1, 1992, and setting a docket control and pre-trial conference for May 7, 1992. Despite proper notice, neither appellant nor his attorney appeared at the conference and the trial court dismissed the cause of action. The May 7th order of dismissal recites that the action "is hereby dismissed with prejudice for want of prosecution" due to the failure of appellant's counsel to appear at the docket control conference. On May 22, 1992, the trial court heard appellant's motion to reinstate. To explain his absence at the conference, appellant's attorney testified that the order notifying him of the conference was mailed by the court in the same envelope as an order for an unrelated case. The order for appellant's case was underneath the other order and the attorney did not notice that the documents were for different causes. Additionally, the record reflects that on the date of this hearing appellant had not only failed to appear for the conference, but had

failed to file the one-page overview ordered by the court[1], and had failed to respond to discovery requests propounded by the appellees. The court denied appellant's motion to reinstate and issued a June 3rd order which recites that the motion was denied because appellant's "failure to appear at pre-trial conference was due to negligence or the result of conscious indifference."

### Standard of Review

■ Appellant's single point of error broadly asserts that the court abused its discretion in dismissing his cause of action with prejudice. Appellant does not contend that the court acted outside its authority and discretion in initially dismissing his cause for the attorney's failure to appear. While not designating it as a point of error, appellant then directs our attention to the denial of his motion to reinstate, includes the statement of facts from the reinstatement hearing in his record before this Court, argues that his failure to appear was a mistake, and requests that this Court reinstate his cause of action. Therefore, "in order to adjudicate justly, fairly and equitably the rights of the litigants", we liberally construe the appellant's single point of error to encompass the failure of the court to reinstate. *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990). *See also* TEX. R.APP.P. 74(p); *State Nat'l Bank v. Academia, Inc.*, 802 S.W.2d 282, 300 (Tex.App.— Corpus Christi 1990, writ denied).

Appellant presented his grounds for reinstatement to the trial court in his verified motion; therefore, his complaint is properly before us for review. *See* Tex.R.App.P. 52(a); TEX.R.CIV.P. 165a(3); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 569 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

■ A trial court is expressly vested with the authority to dismiss a cause for want of prosecution under our rules of procedure. *See* TEX.R.CIV.P. 165a. The same authority exists pursuant to the court's inherent powers. *State v. Rotello*, 671 S.W.2d 507, 508–09

1. The record reflects that appellant faxed an unsigned "viewpoint" to the trial court on May 6, 1992. No signed copy was ever filed.

(Tex.1984). Despite the evidence in the record relating to appellant's failure to file the case overview and failure to produce discovery responses, it is clear from the language of both the original dismissal order and the order denying reinstatement that the court was dismissing pursuant to Rule 165a, for counsel's failure to appear at the conference.

■ The standard we apply to review a trial court's refusal to reinstate a dismissal issued under Rule 165a is whether the court abused its discretion. *Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 903 (Tex.App.—Houston [1st Dist.] 1991, writ denied). "That is, we must ask if the trial court properly weighed the considerations of rule 165a." *Id.*

> The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

Tex.R.Civ.P. 165a(3). If the trial court did not properly consider that standard, we must find that it abused its discretion. *Howeth Invs., Inc.*, 820 S.W.2d at 903.

### Application To Facts

■ Nothing in the record before us suggests that the appellant intentionally ignored the trial court's order to appear, or that failure to appear was the result of conscious indifference. The only evidence before the trial court shows that the appellant's attorney received two similar orders from the court in the same envelope. Not realizing that more than one case was involved, he mistakenly failed to record the conference for appellant's case in his schedule.

■ In deciding whether such facts constitute accident or mistake, we look for guidance to those decisions that have dealt with identical language in the first prong of the test used to determine whether a default judgment should be set aside. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388,

133 S.W.2d 124, 126 (1939). Under the *Craddock* language [2], similar facts have been held to be accident or mistake. *See National Rigging, Inc. v. City of San Antonio*, 657 S.W.2d 171 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). In *National Rigging*, two petitions were served simultaneously on an individual who was president of several companies. Not noticing that the petitions initiated action against two separate entities, the president forwarded only one to his insurance carrier, and suffered a default when the other petition went unanswered. The default was set aside due to the "accident." The facts here present an analogous situation. The primary function of the judicial system is to provide a fair and efficient forum for the peaceful disposition of disputes between parties. The procedural rules are designed to further this function. To dismiss a cause of action with prejudice in this case frustrates the primary function of the system. We hold that the trial court abused its discretion in failing to reinstate appellant's cause of action after the hearing revealed that the attorney's failure to appear was the result of mistake or accident.

Because the refusal to reinstate essentially disposed of the cause without an actual adjudication on the merits, we cannot say that the error was harmless. Tex.R.App.P. 81(b)(1).

Appellant's single point of error is sustained. The dismissal is REVERSED, and the cause is REMANDED to the trial court with instructions to reinstate it on the court's docket.

---

2. *Craddock* requires, in part, that "[a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment *was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident.*"