**Merriel Edward CLARK, Appellant,**

v.

**Ronald Wayne YARBROUGH and Lane Heating & Air Conditioning Co., Inc., Appellees.**

No. 06–95–00007–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 27, 1995.

Decided May 19, 1995.

Rehearing Overruled June 13, 1995.

Craig Henry, Barry A. Bryant, Bryant & Henry, Texarkana, for appellant.

Louise Tausch, John R. Mercy, Atchley, Russell, Waldrop, Texarkana, for appellees.

. Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Merriel Edward Clark appeals the trial court's refusal to reinstate his personal injury case, dismissed for want of prosecution. We reverse the judgment and remand with instructions that the court reinstate the case.

This case involves an automobile accident on November 13, 1991. Clark filed his original petition on August 31, 1993, against appellees Ronald Wayne Yarbrough and Lane Heating & Air Conditioning Company, Inc. They answered the suit, and Clark and Yarbrough gave depositions. Clark's attorney withdrew on June 30, 1994, and Clark thereafter proceeded pro se. On September 1, Clark requested a November 14 trial date. At a pretrial conference on October 28, Clark appeared and indicated that he would be ready for trial at the date set. The clerk filed a notice on November 2 saying that the court would dismiss the case for want of prosecution pursuant to TEX.R.CIV.P. 165a on November 18, unless the case was set for trial or good cause shown for a continuance. The parties appeared on November 14 for another pretrial conference, where it was ordered that jury selection would begin the next day, November 15. On that date, the appellees filed a motion in limine before jury selection asking that certain expected evidence of Clark's be excluded. The court considered the motion, and granted it in part and denied it in part. Clark then told the court that, in view of the exclusion of his evidence, he felt he had no case. The court then said:

But nevertheless, when you choose to file a lawsuit and choose to come into the courtroom without an attorney or somebody, then you assume to know all of these things, and if you don't know them, this Court cannot get down there and represent you, and this case has been set for trial according to the rules. It has been to pretrial by Judge Miller, and it's ready for trial, and there's a jury sitting in the central jury room ready to be selected. I would say this. I don't know. If there's any offers, I would strongly suggest—is there anything on the table in the way of offering a settlement?

MS. TAUSCH: We need to talk about that, Your Honor, if he's interested in talking about it at this time.

THE COURT: Well, I'll tell you what. If you don't have anything—I mean, you're between a rock and a hard place.

MR. CLARK: I've been there for three years.

THE COURT: Well, I understand that. So, I'm going to do this. Whatever you want to do. That jury is ready to come in here, and they're qualifying them, and I'll tell you what I'm going to do. I'm going to give y'all about fifteen minutes, and you let this Court know what y'all decide you want to do.

Clark and the defense attorney went into the hall to discuss a settlement. After a brief discussion, the defense attorney went to telephone her clients to see if she could get authority for a settlement offer. When the attorney did not return after twenty or thirty minutes, Clark left the building and did not return. The defense attorney eventually returned to the courtroom. The bailiff tried to find Clark, calling his name at least three times in the hallway outside the courtroom, at least twice at the front of the building, and at least three times in the lobby. Defense counsel moved to dismiss the case, and the court orally granted the motion, stating that it was dismissed for want of prosecution, and directed defense counsel to prepare an order to that effect. The court filed a written order of dismissal with prejudice on November 16. Clark filed a verified motion to reinstate on November 22. The court denied

the motion without hearing on December 6. The court then held a hearing on December 12.

Clark testified that when the judge sent him and the defense attorney into the hall to discuss settling the case, the attorney left to telephone her clients about the settlement. He said he waited about twenty or thirty minutes and left. He said, "I didn't know that I was supposed to report back to the Judge. I thought he was through with the hearing. In my mind, I thought he had turned me over to [the defense counsel]." On cross-examination Clark admitted that he did not try to find the judge or the bailiff before leaving.

■■ A trial court has the authority to dismiss a case for want of prosecution pursuant to Rule 165a or its inherent powers. *Ozuna v. Southwest Bio–Clinical Lab.,* 766 S.W.2d 900, 901 (Tex.App.—San Antonio 1989, writ denied). A court may dismiss a case for want of prosecution if the party seeking relief fails to appear for any hearing or trial of which the party had notice, Rule 165a(1); for noncompliance with time standards, Rule 165a(2); or for lack of due diligence, Rule 165a(4). The different kinds of dismissals are cumulative and independent. *Id.* In the case of a failure to appear, the clerk must send notice of the intention to dismiss and the date and place of the dismissal hearing to each attorney of record and to each party not represented by an attorney and whose address is shown on the docket or in the file papers by posting same in the United States Postal Service. Rule 165a(1). To seek reinstatement of the case, the movant or his attorney must set forth the grounds for reinstatement in a verified motion filed with the clerk within thirty days after the dismissal order is signed. The court must reinstate the case if, on the hearing, it is established that the failure to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. Rule 165a(3).

■■ The reinstatement provisions of Rule 165a(3) apply only to dismissals for

failure to appear at trial or a hearing. *Id.* at 901–03. Whether the party's conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion. *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ). Once the finding is made, the rule's language is mandatory. *Id.* A trial court's denial of a reinstatement motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb it absent a showing of abuse. *Levermann v. Cartall*, 715 S.W.2d 728, 729 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.).

In *Quita, Inc. v. Haney*, 810 S.W.2d 469 (Tex.App.—Eastland 1991, no writ), a court failed to reinstate a suit after an attorney failed to appear for a May 14 trial. The judge in setting the date had said:

> I have noticed that this case is on the docket for the 14th. As a practical matter, I don't know whether it will be heard at this point on the 14th.
>
> ... As far as the trial order is concerned, y'all would probably be third, the way things, the way I anticipate it to go, but we may not from a time standpoint be able to try it till the week of the 21st.

*Id.* at 470. Counsel moved for reinstatement. At a hearing, he testified that he was in another county trying a case on May 14 and that he thought the court would not reach the case until the 21st. After the court took the matter under advisement, the motion was overruled by operation of law. The appellate court reversed and remanded, holding that the trial court abused its discretion in not reinstating the case because the counsel's failure to appear was due to mistake and was not the result of conscious indifference and that he had reasonably explained. *Id.* at 470.

In *Torres v. Rios*, 869 S.W.2d 555 (Tex. App.—Corpus Christi 1993, no writ), the appellant's attorney received two similar orders from the court in the same envelope. Not realizing two different cases were involved, he mistakenly failed to record the conference for the appellant's case in his schedule. The trial court refused to reinstate, holding that the failure to appear was due to negligence or the result of conscious indifference. *Id.* at 556. The appellate court held that the trial court abused its discretion by failing to reinstate after hearing that the failure was the result of mistake or accident. *Id.* at 557.

■■ Clark, proceeding pro se, must comply with the applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978). He is held to the same standard that applies to a licensed attorney. *Brown v. Texas Employment Comm'n*, 801 S.W.2d 5, 8 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Although Rule 165a(1) seems to require notice and a hearing before a case is dismissed, the appellees argue that notice either of intent to dismiss or of the dismissal order itself is sufficient. *Lowe v. United States Shoe Corp.*, 849 S.W.2d 888, 891 (Tex.App.–Houston [14th Dist.] 1993, writ denied). The trial court, nevertheless, granted Clark essentially the same notice and burden of proof at the reinstatement hearing, so Clark can show no harmful error in that regard. *See Texas Soc'y, Daughters of the Am. Revolution, Inc. v. Estate of Hubbard*, 768 S.W.2d 858, 862–63 (Tex.App.—Texarkana 1989, no writ). Moreover, Clark complains only of the court's failure to reinstate, not of the dismissal, which also is subject to a clear abuse of discretion standard of review. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957). Also, the court erred in dismissing the case for want of prosecution with prejudice, and if the court was correct in dismissing the case and not reinstating it, we may reform the order to "dismissal without prejudice" allowing the suit to be refiled. *See Texas Soc'y, Daughters of the Am. Revolution, Inc. v. Estate of Hubbard, supra.* Again, however, Clark does not complain of the prejudicial dismissal, possibly because of the two-year limitation period for personal injury actions. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986); *Shaw v. Corcoran*, 570 S.W.2d 96, 98 (Tex.Civ.App.—Austin 1978, no writ).

The appellees argue that the court's dismissal arose from its inherent power to control its docket, rather than from Rule 165a, so the Rule 165a(3) requirements do not apply. *State v. Rotello*, 671 S.W.2d 507, 508–09

(Tex.1984). The court clerk, however, in the predismissal notice stated that the court would dismiss the case *for want of prosecution* pursuant to Rule 165a. The trial court stated in his oral order of dismissal that it was dismissed for want of prosecution. The defense counsel in her response to Clark's motion to reinstate said that her oral motion was based on "want of prosecution." The first time she contended that the dismissal was under the court's inherent powers was in her response to plaintiff's brief in support of the motion to reinstate.

The court in denying reinstatement cites only the failure to appear as the reason for the order. The court further said, in language tracking Rule 165a(3),[1] "[T]he absence of the Plaintiff was neither mistake or (sic) accident but was intentional; ... the Plaintiff acted in such a manner as to be a conscious indifference...." Thus, the court based its dismissal and its failure to reinstate on Rule 165a(1),(3) and not on its inherent power to control its docket.

As for the trial court's dismissal, the court in its instructions to the parties said, "I'm going to give y'all about fifteen minutes, and you let this Court know what y'all decide you want to do." The court did not explicitly tell the parties to return to court in fifteen minutes. The statement can be reasonably construed as telling the parties that they had fifteen minutes to try to settle the case. In uncontroverted testimony, Clark told the court he waited for the defense attorney for about twenty or thirty minutes before leaving. Also, during the defendants' cross-examination of Clark during the reinstatement hearing, he testified that he left the building without checking first with the court, but that he did not intentionally violate the judge's instructions. He testified that he did not realize that he was to report back to the judge. No direct testimony or evidence contradicted Clark's assertion that he acted by mistake and not with conscious indifference. In fact, defense attorney's cross-examination

of Clark attempted only to show that he acted negligently or unreasonably.

 Clark is held to the same standard as that applicable to a licensed attorney. The record shows that he should have known to report back to the judge and that he should have known a jury was waiting. He should not have left the courthouse without first checking with the judge or the bailiff. Clark's actions clearly were negligent and unreasonable, but negligence is not enough. Rule 165a(3) requires intentional or conscious indifference. The record does not show conscious indifference. The Supreme Court adopted the rule governing reinstatement to ameliorate the effect of a judge's dismissal for neglect and inaction. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex.1980). The trial court acted understandably and properly when, not knowing that Clark had made a mistake, it initially dismissed the suit. But when evidence at the reinstatement hearing showed that Clark's act was a mistake, the court should have reinstated the case according to the equitable considerations embodied in Rule 165a(3).

Clark contends in a supplemental brief that the trial court's dismissal order was a nullity because the appellees had filed a timely objection to the trial judge pursuant to Tex.Gov't Code Ann. § 74.053 (Vernon Supp. 1995). *Garcia v. Employers Ins. of Wausau*, 856 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The defendant-appellees orally withdrew the objection, however, before the judge took any action in the case.

The judgment is reversed and the cause is remanded to the trial court with instructions to reinstate it.

---

**1.** The applicable portion of Rule 165a reads as follows:

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of a conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.