Anthony Villa Puente v. State of Texas









WITHDRAWN
5/23/01





IN THE
TENTH COURT OF APPEALS
 

No. 10-00-203-CR

     ANTHONY VILLA PUENTE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 7262
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      With a plea agreement, Anthony Villa Puente pled guilty to a three-count indictment that
joined both misdemeanor and felony charges. He was placed on community supervision for four
years. He did not appeal his convictions at that time. The State moved to revoke his community
supervision, and after a hearing, he was sentenced to two years confinement in a State Jail
Facility. Puente now brings this appeal. He challenges his convictions on the basis that the trial
court had no jurisdiction over the misdemeanor charges. We agree. The judgment of the trial
court is reversed, and we return the parties to their pre-plea status.
Issue on Appeal
      On appeal, Puente challenges his convictions on the basis that the trial court had no
jurisdiction over the misdemeanor charges. He is correct. See Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon Supp. 2001). The plea agreement was based in part on the disposition of the
misdemeanor charges which the trial court had no jurisdiction to resolve. We have recently
reversed a similar judgment and returned the parties to their pre-plea status. Smith v. State, 2001
WL 202465, at *1 (Tex. App.—Waco Feb. 28, 2001, no pet. h.) (citing Heath v. State, 817
S.W.2d 335, 337 (Tex. Crim. App. 1991) (“We hold that both the order placing appellant on
probation and the order revoking probation and sentencing appellant . . . are void.”). Based on
these procedural facts, we have no alternative other than to reverse his convictions and return the
parties to their pre-plea status. Id. We reverse the judgment of the trial court and remand all
causes to the trial court for further proceedings consistent with this opinion.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed March 21, 2001
Do not publish



,
trial date with a pretrial hearing to be held on June 25, 1996. When Shook's attorney did not
appear at the June 25 pretrial hearing, the trial court signed an order dismissing the case for want
of prosecution “[d]ue to the failure of the Plaintiff to appear.” After learning of the dismissal
Shook timely filed a verified motion seeking reinstatement of the case. 
      At the reinstatement hearing Shook's attorney presented evidence seeking to persuade the trial
judge that his failure to attend the pretrial hearing was not intentional or the result of conscious
indifference. See Tex. R. Civ. P. 165a(3). Shook’s attorney, John Gladney, explained that the
hearing date had been placed only on the calendar of Roberto Flores, the attorney handling the
case when the notice was received, but it had not been put on the office’s master calendar. Then
when Flores left the law firm, the dates on his calendar, including the June 25 hearing date, were
transferred to the calendar of Peter Kreisner, the managing partner of the law firm. Later Kreisner
transferred the case to Gladney; however, the hearing date was not transferred from Kreisner’s
calendar to Gladney’s calendar. Instead, Gladney testified, he asked the firm’s legal assistant
about upcoming hearings, and she informed him that none were set, after consulting the office’s
master calendar on which the hearing did not appear. 
      The trial court denied Shook’s motion to reinstate the suit. In the order denying
reinstatement, the judge found that the failure of Shook’s attorney to appear at the pretrial hearing
was consciously indifferent because timely notice of the hearing was given and various members
of the firm representing Shook knew of the pretrial setting. The trial judge also found that Shook
had failed to diligently prosecute the suit. The judge filed findings of fact and conclusions of law
consistent with his order denying reinstatement. 
      Before addressing Shook’s one point of error claiming that the trial judge erred in finding that
the failure of Shook’s attorney to appear at the pretrial hearing was consciously indifferent, we
must consider the appellees’ reply point of error, which contends that the trial court’s dismissal
should be affirmed simply on the ground that Shook has not diligently prosecuted this case,
pointing out that Shook has not claimed otherwise on appeal. The trial court’s authority to dismiss
for want of prosecution is derived both from the court’s inherent power and from the Rules of
Civil Procedure. Ozuna v. Southwest Bio-Clinical Lab., 766 S.W.2d 900, 901 (Tex. App.—San
Antonio 1989, writ denied); see Tex. R. Civ. P. 165a(4). The trial court has the inherent power
to dismiss a suit if the case is not prosecuted with due diligence. See MacGregor v. Rich, 941
S.W.2d 74, 76 (Tex. 1997); Clark v. Yarbrough, 900 S.W.2d 406, 408 (Tex. App.—Texarkana
1995, writ denied); Austin v. Rosenberg, 740 S.W.2d 62, 64 (Tex. App.—San Antonio 1987, writ
denied). This inherent power to dismiss a case is in addition to the court’s power to dismiss for
a party’s failure “to appear for any hearing or trial of which the party had notice.” Tex. R. Civ.
P. 165a(1); see Ozuna, 766 S.W.2d at 901.
      If a case is dismissed and the trial court’s order simply states that the dismissal is for “want
of prosecution” but does not specify a reason for the dismissal, on appeal the dismissal will be
affirmed if any proper ground supports the dismissal.


 City of Houston v. Thomas, 838 S.W.2d
296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ); see MacGregor, 941 S.W.2d at 76 n.2. 
However, if the dismissal order lists a particular reason for the dismissal, then the appellate
court’s review is limited to whether the dismissal was proper based on the ground specified by the
trial court. See Clark, 900 S.W.2d at 410 (finding that the trial court’s dismissal was based only
on Rule 165a(1)). Therefore, after the trial court has issued an order stating only that a case has
been dismissed for “want of prosecution” without specifying the basis for the dismissal, the
plaintiff, in seeking reinstatement of the case, bears the burden to show at the reinstatement
hearing that the standard for reinstatement of the case has been met for all possible grounds for
the trial court’s dismissal. See Martin R. Merritt & Tahira K. Merritt, Rule 165a Dismissal for
Want of Prosecution, 60 Tex. B.J. 555, 558 (1997); see also Kenley v. Quintana Petroleum Corp.,
931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied) (“The party requesting
reinstatement has the burden to bring forth a record establishing that reinstatement was
required.”). However, if the trial court’s order of dismissal for want of prosecution clearly states
the reason for the dismissal and the trial judge does not give the plaintiff notice that additional
grounds for dismissal will be considered in deciding whether to reinstate the case, then the plaintiff
only has the burden to prove his entitlement to reinstatement for the stated reason listed in the
court’s dismissal order. See Goff v. Branch, 821 S.W.2d 732, 736 (Tex. App.—San Antonio
1991, writ denied) (holding that the trial court cannot invoke its inherent power after a dismissal
based on Rule 165a(1) when no prior notice is given). For example, if the trial court’s order states
that the plaintiff’s suit has been dismissed because the plaintiff failed to appear at a hearing, then
in order to have the case reinstated the plaintiff’s attorney must simply prove at the reinstatement
hearing that his failure to appear was not intentional or the result of conscious indifference as
required by Rule 165a(3); the plaintiff is not required to address whether reinstatement would be
proper under other grounds for dismissal which were not specified by the trial judge as reasons
for the dismissal of the case. See id.; see also Tex. R. Civ. P. 165a(3).
      In the instant case, the trial court’s order of dismissal for want of prosecution states:
On June 25, 1996, came on to be heard the above-styled and numbered cause
pursuant to the Court’s previous notification to the parties to appear for a pretrial
conference. The Defendants, through their respective attorneys of record, appeared at
the appropriate time and place for such pretrial conference. However, neither the
Plaintiff, James Shook, nor any counsel on his behalf appeared or participated in the
pretrial conference. Due to the failure of the Plaintiff to appear, the Court is of the
opinion that the above matter should be dismissed for want of prosecution. (emphasis
added).

This dismissal order specifies that the reason for the dismissal of the case was the failure of
Shook’s attorney to appear at the June 25 pretrial hearing, and thus, at the reinstatement hearing
Shook was only required to comply with Rule 165a(3)’s requirement that he prove his attorney’s
failure to appear at the hearing was not intentional or the result of conscious indifference in order
to have the case reinstated. See Tex. R. Civ. P. 165a(3). Nowhere in the transcript or statement
of facts does the trial judge give Shook notice, prior to or during the reinstatement hearing, that
the diligence of prosecution would be a factor in the judge’s deciding whether to reinstate the case. 
Because Shook was without notice that the diligence of his prosecution would be considered by
the judge in making the reinstatement decision, Shook was effectively denied any opportunity to
present evidence showing that the case had been prosecuted with diligence.
      Consequently, we decline to affirm this case simply on the failure of Shook to prosecute this
suit with diligence without addressing whether the trial judge erred in finding that the failure of
the plaintiff to appear was intentional or the result of conscious indifference. The trial court’s
dismissal order clearly based the dismissal for want of prosecution on the failure of Shook’s
attorney to appear at the June 25 hearing. Therefore, Shook was not given notice that the trial
judge would deny reinstatement based on a lack of diligent prosecution. Appellees’ reply point
is overruled. 
      Shook’s single point of error asserts that the trial judge erred in overruling his motion to
reinstate based on the court’s finding that the failure of Shook’s attorney to appear at the June 25
pretrial hearing was the result of conscious indifference. See Tex. R. Civ. P. 165a(3). Rule
165a(3) states that if an attorney’s failure to appear is the result of an accident, mistake, or is
reasonably explained then the trial court should reinstate the case, but a party is not entitled to 
reinstatement if the trial court finds that the failure to appear was intentional or the result of
conscious indifference. Id. An attorney’s failure to appear due to conscious indifference means
that the failure must have been caused by “more than mere negligence.” Smith v. Babcock &
Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995). 
      On appeal the trial judge’s dismissal for want of prosecution will be sustained absent a clear
abuse of discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). During the
reinstatement hearing the trial judge acts as the finder-of-fact in weighing the credibility of the
witnesses’ testimony to determine whether the attorney’s failure to appear was accidental or the
result of conscious indifference. See Clark v. Yarbrough, 900 S.W.2d 406, 409 (Tex.
App.—Texarkana 1995, writ denied); Burns v. Drew Woods, Inc., 900 S.W.2d 128, 130 (Tex.
App.—Waco 1995, writ denied). 
      At the reinstatement hearing, the attorneys on both sides of this case vigorously contested
whether the failure of Shook’s attorney to appear resulted from conscious indifference. Shook
contends that the failure to appear was merely an accident caused by the breakdown of a good
calendaring system. However, the appellees presented evidence seeking to show that the
attorney’s failure to appear was the result of more than a single mistake, but rather resulted from
a pattern of errors and inattention to the trial court’s notice of this pretrial hearing. 
      After reviewing the record of the reinstatement hearing, we are unable to conclude that the
trial judge clearly abused his discretion in finding that the failure of Shook’s attorney to appear
at the pretrial hearing was the result of conscious indifference. First, Gladney, the attorney who
was ultimately assigned the case after it was transferred from Flores to Kreisner, claims that he
did not have any notice of the hearing because the firm’s legal assistant told him there were no
pretrial settings. However, Gladney admitted during the reinstatement hearing that after he was
assigned the Shook case he reviewed the entire Shook file, which contained the pretrial notice from
the court, to familiarize himself with the case. During this review Gladney stated that he did not
find and record the notice, but said that he must have mistakenly overlooked the trial court’s notice
of the pretrial hearing in reviewing the file. Also, after taking over the case, Gladney did not have
a legal assistant transfer the dates on Kreisner’s calender regarding the Shook case to his own
calendar, as had been done when the case was transferred from Flores to Kreisner. Second,
Kreisner, the managing partner of the law firm, had the June 25 hearing date listed on his
calendar, but he testified that he did not pay any attention to the setting because he was no longer
handling the case. Therefore, he did not remind Gladney of the setting, nor did he have his
paralegal transfer the date to Gladney’s calendar. Third, several members of the law firm’s legal
staff were aware of the pretrial setting. The defense attorney for Owen Smith, David Poage,
testified that in May a law clerk working at Kreisner & Gladney called him to discuss the case. 
Poage stated that during the telephone conversation he mentioned the June 25 pretrial hearing, but
the law clerk was unaware of the setting and the law clerk said he would check the file before
getting back in touch with Poage regarding the case. Also, Claudia Lott, the firm’s legal assistant
who told Gladney there were no pretrial settings, actually knew of the setting because she had
originally recorded the date on Flores’ calendar. Tanya Grodsky, Kreisner’s paralegal, also knew
of the setting because she had transferred the date from Flores’ calendar to Kreisner’s calendar. 
      Consequently, we find that the trial judge’s action in refusing to reinstate Shook’s case was
not a clear abuse of discretion. The trial judge, acting as the finder-of-fact, could have reasonably
found that Gladney’s failure to appear at the hearing was not simply an isolated act of negligence
but was the result of conscious indifference. 
      The judgment is affirmed. 
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 3, 1997
Publish