

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00375-CV

———————————————

BEVERLY RASCO, Appellant

V.

DUCARS INVESTMENT, LLC, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-0123-431

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

This is an appeal from an order of dismissal for want of prosecution. The trial court dismissed Appellant Beverly Rasco's case for failing to comply with certain instructions contained in its standard notice of dismissal setting and for failing to appear at the dismissal hearing. Rasco timely filed a motion to reinstate, which the trial court denied after a hearing. On appeal, Rasco brings a single issue, arguing that the trial court abused its discretion in denying her motion to reinstate. We will reverse and remand.

## II. BACKGROUND

In 2018, Rasco purchased a vehicle from Appellee Ducars Investment, LLC. In January 2020, Rasco sued Ducars for fraud and violations of the Texas Deceptive Trade Practices Act, alleging Ducars had made false representations concerning the condition of the vehicle. Ducars filed an answer to Rasco's petition on March 31, 2020.

In June 2021, the trial court issued a notice of dismissal setting[1] warning all parties that the case would be dismissed if certain requirements were not met.[2] One

---

[1]Dismissals pursuant to this notice have been the subject of other appeals to this court. *See generally Mondragon v. Collins*, No. 02-21-00400-CV, 2022 WL 3273599 (Tex. App.—Fort Worth Aug. 11, 2022, no pet. h.) (mem. op.); *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.); *In re Stanton*, No. 02-21-00224-CV, 2022 WL 714584 (Tex. App.— Fort Worth Mar. 10, 2022, no pet.) (mem. op.).

of these requirements was to submit an agreed scheduling order by August 20, 2021. In an effort to comply with the trial court's deadline for the submission of the agreed scheduling order, Rasco's counsel began taking necessary first steps[3] in early July—well in advance of the trial court's deadline. Rasco's counsel submitted an agreed

---

[2]The notice of dismissal setting read in pertinent part as follows:

The above-referenced cause has been set on the Court's docket for dismissal on August 20, 2021, at 3:00 PM, at which time this cause will be **DISMISSED UNLESS:**

1) Any party seeking affirmative relief has effectuated **service of process** upon the opposing party(s).
**AND**
2) The attorneys and/or pro se parties **present an agreed *"Scheduling Order and Discovery Control Plan"*** for entry by the Court, **and**:
   a. they **must** contact the Court Administrator no later than 10 days prior to the dismissal setting to request a trial date and a pre-trial date (if applicable) at denise.spalding@dentoncounty.gov;
   b. the Order **must** contain completed deadlines and discovery limitations as indicated;
   c. the Order **must** **INCLUDE THE CLIENT'S SIGNATURE** if represented by counsel; and
   d. the Order **must** be submitted no later than 7 days prior to the dismissal setting.
**OR**
3) The attorneys and/or pro se parties must **appear** at the dismissal setting **and present a proposed *"Scheduling Order and Discovery Control Plan"*** compliant with 2a.-c. above. At that time, the Court will hear any objections of any other attorney and/or pro se party to the proposed Order.

[3]These preliminary steps included contacting the court coordinator regarding available trial dates; conferring with opposing counsel regarding a trial date, the choice of mediator, and a mediation date; and contacting the agreed upon mediator to schedule a date for mediation.

scheduling order by the deadline, but it did not comply with all of the trial court's requirements.[4] Shortly before the scheduled dismissal setting—and after the deadline set by the trial court—Rasco's counsel submitted an amended scheduling order that she thought corrected all of the defects of the original.[5] Believing that she had complied with the trial court's requirements,[6] Rasco's counsel did not appear at the dismissal hearing. However, the notice of dismissal setting required all parties to appear at the dismissal hearing to present a proposed scheduling order unless they had, among other things, previously submitted a compliant agreed scheduling order by the court's stated deadline, which Rasco had not done. Because neither Rasco nor her counsel appeared at the dismissal hearing with a proposed scheduling order, the trial court dismissed the case for want of prosecution.

---

[4]This proposed scheduling order filed in the clerk's record bears the notation, "REJECT: This has not been set with the Court, and clients have not signed. ds." Denise Spalding is the trial court coordinator.

[5]This amended scheduling order filed in the clerk's record bears the following notation: "REJECT: The [attorneys] still have not set the trial with the court, the Order is not readable, AND the deadline to efile the scheduling order was 8/13/21. The [attorney] must appear on Friday with a signed, readable Scheduling Order." At the hearing on the motion to reinstate, the trial court stated, contrary to the notation, that he "was actually able to read it." In addition, both Rasco's counsel and the trial court appeared to believe that a trial date had been requested in accordance with the dismissal notice.

[6]Rasco's counsel was unaware of the court coordinator's notations, which appear to have been made electronically, until after the dismissal hearing. As she stated in the affidavit attached to her motion to reinstate, "I noticed the e-filing notice of 'Accepted' and did not open the document; therefore, I did not see the writing on the submitted Amended Scheduling Order."

4

Rasco timely filed a verified motion to reinstate the case. In her three-page affidavit attached to the motion, Rasco's counsel set out facts detailing why she did not appear at the hearing, explaining that she did not appear "because [she] believed all requirements with regard to the [s]cheduling [o]rder had been met and that no hearing would, therefore, be held." At the hearing on the motion to reinstate, Rasco's counsel outlined the progress made in the case—including the completion of discovery, the disclosure of Rasco's expert witness, and the scheduling of both mediation and trial dates—and described her good faith efforts to comply with the court's notice. She reiterated that her failure to attend the dismissal hearing was due to her misunderstanding of the notice and her mistaken belief that the amended scheduling order was sufficiently compliant to excuse the need for a hearing. Rasco's counsel also offered to pay the attorney's fees Ducars incurred due to Rasco's motion to reinstate. Nevertheless, the trial court denied the motion. This appeal followed.

## III. DISCUSSION

In her sole issue on appeal, Rasco argues that the trial court abused its discretion in denying her verified motion to reinstate.[7] Ducars, taking the position that the appellate record speaks for itself, declined to file a brief.

---

[7]Rasco does not dispute that she failed to attend the dismissal hearing after receiving proper notice and therefore does not contend that the trial court erred in its initial dismissal of the case. *See, e.g.*, *Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 WL 1888870, at *4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (holding initial dismissal was proper under Rule 165a(1) because appellant received adequate notice and did not dispute her failure to attend the hearing). Rather, she

5

## A.  Standard of Review

We review a trial court's refusal to reinstate a case dismissed for want of prosecution for an abuse of discretion. *Pollefeyt*, 2020 WL 1888870, at \*4 (citing *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.)).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles— that is, if its act is arbitrary or unreasonable.  *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances.  *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).

## B.  Trial Court's Authority to Dismiss for Want of Prosecution

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket.  *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers*, 199 S.W.3d at 390.  Under Rule 165a, a trial court may dismiss a case based on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or the case's failure to be "disposed of within time standards promulgated by the Supreme Court."  Tex. R. Civ. P. 165a(1), (2).  The

argues only that the trial court abused its discretion by not granting her motion to reinstate following dismissal.

common law vests a trial court with the inherent power to dismiss independently of the procedural rules when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91. Each of these three dismissal grounds—Rule 165a(1), Rule 165a(2), and inherent authority—provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Mondragon*, 2022 WL 3273599, at *3; *Brown*, 2022 WL 2071782, at *2; *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.).

## C. The Trial Court's Dismissal Notice and Order

When reviewing a trial court's refusal to reinstate a case dismissed for want of prosecution, we look first to the trial court's basis for dismissal. *Brown*, 2022 WL 2071782, at *3; *Sellers*, 199 S.W.3d at 390; *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 839 (Tex. App.—Fort Worth 1999, no pet.). To determine the possible dismissal grounds, we must examine both the trial court's dismissal notice and the order dismissing the case. *Brown*, 2022 WL 2071782, at *3.

We have held that the same notice used in this case adequately informs the parties of the trial court's intent to dismiss under all three grounds and that when a dismissal order pursuant to this notice does not expressly state the particular dismissal ground, a party challenging the denial of reinstatement must "address and negate all three possible independent dismissal grounds in [its] reinstatement motion and on appeal." *Mondragon*, 2022 WL 3273599, at *3 (quoting *Brown*, 2022 WL 2071782, at *3).

7

Turning to the order itself, we note that the trial court did not specify upon which ground it relied in dismissing Rasco's case. Rasco's failure to appear at the dismissal setting with a completed scheduling order was noted in the order's recitals, but the order's decretal language did not state the specific ground upon which the dismissal was based. The parties did not request findings of fact and conclusions of law, and the trial court did not file any. *See* Tex. R. Civ. P. 296, 297. Because the dismissal order did not specify the grounds for dismissal, Rasco was required to address all three possible independent dismissal grounds in her reinstatement motion and on appeal. *See Brown*, 2022 WL 2071782, at *3; *Henderson v. Blalock*, 465 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Self v. King*, No. 05-11-01296-CV, 2013 WL 3353327, at *3 (Tex. App.—Dallas June 28, 2013, pet. denied) (mem. op.); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g); *see also Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.) ("If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment."); *Sellers*, 199 S.W.3d at 391 ("Because the record in this case does not contain formal findings of fact or conclusions of law and the dismissal order does not specify the reason for dismissal other than to generally

8

dismiss for 'want of prosecution,' we must affirm the trial court's judgment on any theory supported by the record.").

## D. Analysis

As noted above, because the dismissal order did not specify the grounds on which the trial court dismissed the case, to determine whether the trial court abused its discretion in denying Rasco's motion to reinstate, we must consider all three independent grounds for dismissal and whether Rasco has satisfactorily addressed each of them. *See Brown*, 2022 WL 2071782, at *3. We will consider each of these independent grounds in turn.

First, we must consider whether Rasco has adequately addressed her failure to appear at the dismissal setting, which was grounds for dismissal under Rule 165a(1). Rule 165a(3), which governs motions for reinstatement after dismissal for failure to appear under Rule 165a(1), provides that a trial court must grant a properly filed reinstatement motion if it finds "after a hearing[,] that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Pollefeyt*, 2020 WL 1888870, at *5 (quoting Tex. R. Civ. P. 165a(3)). The standard for reinstatement under Rule 165a(3) "is essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). As we have recently explained based on long-standing precedent,

> Under this standard, conscious indifference must be more than mere negligence; even a deliberate failure to appear is not intentional or due to conscious indifference unless it is without adequate justification. Proof of accident, mistake, or "other reasonable explanation" negates intent or conscious indifference under Rule 165a. Some excuse—not necessarily a good one—will suffice.

*Pollefeyt*, 2020 WL 1888870, at *5 (citing *Smith*, 913 S.W.2d at 468; *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012)). Thus, proof of a mistake—even an unreasonable one—is sufficient to negate intent or conscious indifference. *See Clark v. Yarbrough*, 900 S.W.2d 406, 410 (Tex. App.—Texarkana 1995, writ denied) (reversing dismissal under Rule 165a despite the fact that plaintiff's actions "clearly were negligent and unreasonable" because a mistake does not constitute conscious indifference); *see also Milestone Operating, Inc.*, 388 S.W.3d at 310. If a party proves that its failure was due to a mistake or otherwise negates intent or conscious indifference, the trial court must reinstate the suit. *Renfro v. Davis*, No. 01-21-00540-CV, 2022 WL 3031605, at *3 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet. h.) (mem. op.).

Numerous courts have held that an attorney's failure to appear is not intentional or the result of conscious indifference when it is due to confusion about the trial court's procedures or a misunderstanding regarding the status of a motion or other court filing. *See Tunchez v. Houk*, No. 05-20-00330-CV, 2021 WL 5822839, at *5 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.) (holding plaintiff's attorney's mistaken belief that motion to retain was sufficient to reset dismissal hearing "was a

10

sufficient excuse to show that her failure to attend the hearing was not intentional or due to conscious indifference"); *Pollefeyt*, 2020 WL 1888870, at \*6 (holding that plaintiff's contentions that she had mistakenly believed that her motion to amend her pleadings was sufficient to retain the case on the docket and that she did not realize the trial court had not granted it constituted "a sufficient excuse to show that her failure to attend the hearing was not intentional or due to conscious indifference"); *Microcheck Sys., Inc. v. Smith*, No. 01-10-00169-CV, 2011 WL 1632180, at \*4–5 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (mem. op.) (holding attorney's mistaken belief that she had been replaced as counsel of record—though motion for substitution had not been filed or granted by the court—was sufficient to show failure to appear was not a result of conscious indifference); *Lambert v. Mufarrige*, No. 14-95-01221-CV, 1997 WL 71738, at \*2 (Tex. App.—Houston [14th Dist.] Feb. 20, 1997, no writ) (not designated for publication) (holding that attorney's confusion regarding the trial court's docket following pretrial conference was sufficient to show that his failure to appear for trial was not a result of conscious indifference); *cf. Smith*, 913 S.W.2d at 468 ("The Smiths' attorney reasonably explained his failure to appear for trial. He was actually in trial in another county and believed, based upon his credible explanation, that the court would grant a continuance for that reason.").

Here, similar to the facts in the cases above, Rasco's counsel's failure to appear at the dismissal setting was due to both her misunderstanding concerning the trial court's procedural requirements and her mistaken belief that the amended scheduling

order had been accepted by the trial court.[8]  Accordingly, it was neither intentional

nor the result of conscious indifference.  *See Tunchez*, 2021 WL 5822839, at \*5; *Pollefeyt*,

---

[8]Rasco's counsel's subjective belief—albeit mistaken—that the amended scheduling order's compliance obviated her attendance at the dismissal hearing is uncontroverted.  *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984) (holding that when factual allegations in new-trial movant's affidavits are uncontroverted, "a conscious indifference question must be determined in the same manner as a claim of meritorious defense"; therefore, "[i]t is sufficient that the movant's motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct").  The closest any evidence in the record comes to controverting this subjective belief is both sides' acknowledgement at the reinstatement hearing that at 11:04 a.m. on the day of the dismissal hearing, Ducars's counsel's paralegal sent Rasco's counsel an email stating, "I looked online at the DWOP setting for today.  Still showing up.  I'm going to confirm if you are going to appear or not.  I see there is a note from the Judge regarding the scheduling order not being signed."  Rasco responded, "I'm sorry.  I got so busy I did not get around to checking.  We did get the client's signature, which was [the] original objection, so I hope that is sufficient.  I did not make it to court this morning.  We will just have to wait and see."  However, at most, this evidence goes only to Rasco's counsel's conscientiousness, not her subjective belief that she did not need to appear at the dismissal setting.  Indeed, the email exchange actually affirms that she subjectively believed that her appearance was unnecessary.  Rasco's counsel's email response indicates that she understood the paralegal's reference to "the scheduling order not being signed" to mean that the amended scheduling order had not yet been signed by the judge, which would not be surprising since it had only recently been submitted.  This understanding was confirmed by Rasco's counsel's statements on the record at the reinstatement hearing.  Thus, her email response aligns with her stated belief that the amended scheduling order was "sufficient" and just needed to be signed by the judge.  Moreover, Rasco's counsel's statement that she "did not make it to court this morning" reflects her mistaken belief that the dismissal hearing had been set for earlier that day.  Thus, believing that the dismissal setting had already passed and that the amended scheduling order was compliant, Rasco's counsel did not see the paralegal's email for what it actually was—a strong suggestion made out of professional courtesy that she should attend the later-scheduled dismissal hearing.  Rather, believing she had already missed the dismissal setting, she thought that she had no recourse but to "wait and see" if the trial court would sign the order.  While this email exchange shows Rasco's counsel was not as conscientious as she could have been, it does not controvert the other record evidence of her subjective belief that she did not need to attend the

12

2020 WL 1888870, at *6; *Microcheck Sys., Inc.*, 2011 WL 1632180, at *5; *Lambert*, 1997 WL 71738, at *2. Both in the affidavit attached to the motion to reinstate and in her statements to the trial court at the reinstatement hearing, Rasco's counsel described in detail how she thought that submitting a compliant scheduling order when she did—even though untimely—obviated the need to appear at the hearing. She also chronicled her good-faith efforts to comply with the requirements set forth in the trial court's notice, including contacting the court coordinator to obtain a trial date and filing both an original and an amended scheduling order. While Rasco's counsel was not as conscientious as she should have been, she presented ample evidence to show that her failure to appear was due to a mistake, which was sufficient to negate intent or conscious indifference under Rule 165a. *See Smith*, 913 S.W.2d at 468; *Microcheck Sys., Inc.*, 2011 WL 1632180, at *5; *see also Clark*, 900 S.W.2d at 410 (reversing dismissal under Rule 165a(1) despite plaintiff's "clearly . . . negligent and unreasonable" actions because "negligence is not enough" to satisfy the conscious indifference standard). Because Rasco sufficiently addressed her failure to attend the dismissal hearing, the trial court was required to reinstate the case unless it had proper grounds for dismissal under Rule 165a(2) or its inherent authority. *See* Tex. R. Civ. P. 165a(3).

---

dismissal hearing. *See Smith*, 913 S.W.2d at 468 (holding that though lawyer was not as conscientious as he could have been, his actions did not amount to conscious indifference); *Microcheck Sys., Inc.*, 2011 WL 1632180, at *5 (same).

We next consider whether Rule 165a(2) provided a valid basis for the trial court's dismissal of this case.[9] Rule 165a(2) authorizes a trial court to place a case on the dismissal docket when it is not disposed of in accordance with the time standards prescribed by the supreme court. Tex. R. Civ. P. 165a(2); *Maida*, 990 S.W.2d at 841. Under those time standards, district courts are to ensure that civil jury cases[10] are tried or otherwise disposed of within 18 months from the appearance date. Tex. R. Jud. Admin. 6.1(a)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app.

In the present case, the appearance date was March 31, 2020, the day Ducars filed its original answer. *See Maida*, 990 S.W.2d at 842. The trial court dismissed the case on August 20, 2021. Thus, Rasco's case was dismissed less than 17 months from

---

[9]While Rasco did not cite Rule 165a(2) specifically in her reinstatement motion and appellate brief, she did argue in her motion that there was a reasonable explanation for her failure to prosecute the case, and in her brief, she detailed the concrete steps she had taken in prosecuting the case. *See In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (orig. proceeding) (holding that whether reasonable explanation for delay exists is a consideration in a Rule 165a(2) analysis); *see also St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020) (per curiam) ("We have often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name."); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (urging appellate courts to construe briefing "reasonably, yet liberally").

[10]While the appellate record does not reflect that either party had made a formal written demand for a jury trial in accordance with Tex. R. Civ. P. 216(a), both the original and amended agreed scheduling orders submitted to the trial court reflected the parties' selection of a jury trial, not a bench trial. Moreover, the trial court's statements on the record at the hearing on the motion to reinstate reflect its understanding that the 18-month time standard for jury cases applied. We therefore presume that this is a "civil jury case" for purposes of Tex. R. Jud. Admin. 6.1(a)(1).

the appearance date. Accordingly, Rule 165a(2) does not provide a valid basis for dismissal, and the trial court could not have denied reinstatement on that basis. *See id.*; *cf. Mondragon*, 2022 WL 3273599, at *3 n.6 (noting that—although not briefed—the record showed that "appellants had not failed to comply with the Texas Supreme Court's time standards for disposition of cases . . . because the suit had not yet been pending for twelve months after appellees' appearance dates").

Finally, we consider the trial court's inherent authority to dismiss a case that has not been diligently prosecuted. *See Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91. "Factors a trial court may consider in dismissing under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Maida*, 990 S.W.2d at 842 (citing *King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied)); *see also In re Seidler Oil & Gas Dev., LLC*, No. 12-22-00009-CV, 2022 WL 1038102, at *2 (Tex. App.—Tyler Apr. 6, 2022, orig. proceeding) (mem. op.) (identifying similar factors).

In her motion to reinstate and the supporting affidavit, at the hearing on the motion, and in her brief to this court, Rasco addressed many factors relevant to dismissal under a court's inherent authority.[11] Specifically, Rasco pointed out that the

---

[11]While Rasco did not expressly articulate her challenge to the trial court's dismissal of her case under its inherent authority in her briefing before this court, as noted above, both her motion to reinstate and her appellate brief address many of the factors relevant to such a challenge. *See Maida*, 990 S.W.2d at 842 (enumerating

parties had conducted discovery; Rasco had disclosed her expert; the parties had agreed on both a mediator and a mediation date; and a trial setting had been obtained from the court and agreed upon by the parties. According to Rasco, the case is ready for mediation and, if necessary, trial. At the hearing on the motion to reinstate, Ducars did not dispute Rasco's statements concerning the extent of activity in the case or its readiness for mediation and trial. To the contrary, in the interests of candor to the court, Ducars's counsel acknowledged the veracity of Rasco's account of the case's status. Given the amount of activity in this case and its readiness for mediation and trial, to the extent that the trial court dismissed the case under its inherent authority, it abused its discretion in denying Rasco's motion to reinstate. *See Maida*, 990 S.W.2d at 842 (citing numerous cases for the proposition that where a party is ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution).

---

factors). Thus, consistent with the Texas Supreme Court's urging to construe pleadings, including briefs, "reasonably, yet liberally," we consider Rasco's brief sufficient to challenge dismissal on these grounds. *First United Pentecostal Church of Beaumont*, 514 S.W.3d at 222; *see also St. John Missionary Baptist Church*, 595 S.W.3d at 214; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000) (recognizing that Texas employs a "fair notice" standard for pleading and that under this standard a pleading "is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim" (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982))).

Having determined that Rasco has sufficiently explained her failure to appear at the dismissal hearing and that neither Rule 165a(2) nor the trial court's inherent authority provided a valid basis for the dismissal of this case, we conclude that the trial court abused its discretion in denying Rasco's motion to reinstate. We emphasize the fact-specific nature of our holding and stress that an evaluation of whether the dismissal of a case for want of prosecution is appropriate requires an examination of the case's unique circumstances.[12] *See Douglas v. Amer. Title Co.*, No. 14–08–00676–CV, 2009 WL 3851674, at *2 (Tex. App.—Houston [14th Dist.] Nov. 19, 2009, no pet.) (per curiam) (mem. op.) (noting that in reviewing a trial court's dismissal for

---

[12]This fact-specific nature is highlighted by our previous consideration of dismissals pursuant to the same notice of dismissal setting involved in this case, all of which were affirmed. *See Mondragon*, 2022 WL 3273599, at *3; *Brown*, 2022 WL 2071782, at *5; *Stanton*, 2022 WL 714584, at *10. Each of these prior cases is distinguishable from the present one. In *Mondragon*, we never reached the merits because the appellants did not address and negate all possible grounds for dismissal of the case. *See Mondragon*, 2022 WL 3273599, at *3. In *Brown*, we likewise did not reach the merits but noted in dicta that the appellants had not sufficiently negated conscious indifference under Rule 165a(1) because appellants' counsel offered only a conclusory statement to explain his failure to appear at the dismissal hearing. *See Brown*, 2022 WL 2071782, at *4. This is in sharp contrast to the detailed, thorough explanation provided by Rasco's counsel in this case. Finally, the appellant in *Stanton*—which involved an inmate's petition to take the depositions of both the assistant district attorney who prosecuted him and the trial attorney who defended him in a prior criminal matter to investigate potential claims under Texas Rule of Civil Procedure 202—wholly failed to comply with the requirements set forth in the notice and did not attend the dismissal hearing because the trial court, in its sound discretion, implicitly denied his request for a bench warrant or to appear by alternate means. *See Stanton*, 2022 WL 714584, at *4–7. This is considerably different from the facts of this case in which Rasco attempted in good faith to comply with the trial court's requirements and explained that her failure to attend the dismissal hearing was due to a mistake.

want of prosecution, an appellate court must "look at the entire history of the case and perform a fact intensive, case-by-case determination" (citing *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 856–58 (Tex. App.—Houston [1st Dist.] 1993, no writ))); *see also Daley v. Powerscreen Tex. Holdings, Inc.*, No. 14-00-00435-CV, 2001 WL 1195616, at *2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2001, pet. denied) (not designated for publication) (noting that "[a] decision to dismiss for want of prosecution is fact-specific and should be based on an evaluation of all the circumstances of a case" (citing *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984))). Given the facts and circumstances of this case and bearing in mind "the policy that 'an adjudication on the merits is preferred in Texas,'" we sustain Rasco's sole issue. *Kramer v. Kastleman*, 508 S.W.3d 211, 227 (Tex. 2017) (quoting *Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012)).

## IV. CONCLUSION

Having sustained Rasco's sole issue, we reverse the trial court's judgment dismissing the case for want of prosecution and remand this case to the trial court.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  September 22, 2022

18