**Shu Yung HUNG, Appellant**

v.

**Jeremy BULLOCK, Appellee.**

**No. 05–05–00662–CV.**

Court of Appeals of Texas, Dallas.

Jan. 5, 2006.

William Chu, Law Offices of William Chu, Addison, for Appellant.

Michael P. Delgado, Law Offices of Amis & Bell, and Kyle A. Miller, Arlington, for Appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

The trial court dismissed Shu Yung Hung's lawsuit against Jeremy Bullock for want of prosecution and denied Hung's motion to reinstate. In her single issue on appeal, Hung urges the trial court abused its discretion in dismissing the case. We disagree.

Shu Yung Hung and Jeremy Bullock were involved in a motor vehicle accident on June 1, 2000. Hung sued Bullock for negligence, negligence per se, and gross negligence on January 23, 2002. Bullock subsequently filed a third party action against David Walton Warren and Hadley Auto Transport. These third party defendants prevailed in their motion for summary judgment and were dismissed from the case on December 12, 2003. The case was set for trial on February 21, 2005. On February 18, 2005, Hung filed a motion for continuance accompanied by an affidavit signed by her attorney, William Chu, stating that Chu would be out of state on "urgent personal business" and was not available for trial. Chu further testified in his affidavit that "another attorney in my firm cannot handle the trial in this cause, as I was the sole attorney who was responsible for pre-trial and trial strategy." The trial court granted the motion for continuance and reset the trial for 9:00 a.m., March 7, 2005.

On the morning of March 7th, neither Ms. Hung nor her attorneys were present in the courtroom. At that time, counsel for Bullock moved the trial court to dismiss the case for want of prosecution but the trial court denied the motion. Chu's associate, Glenn Lupo, arrived at court at approximately 9:30 a.m. At a brief pretrial conference, the trial court learned that Hung and Chu would not attend trial. The trial court set jury selection for 1:30 p.m. Neither Mr. Lupo, Mr. Chu, nor Ms. Hung were present in the courtroom at 1:30 p.m. Counsel for Bullock reurged his motion to dismiss the case and this time the trial court granted the motion. Two days later, Hung filed a verified motion to reinstate accompanied by Lupo's affidavit stating he had been detained in traffic and arrived at the court at 1:34 p.m. on March 7, 2005. The trial court denied Hung's motion to reinstate. Hung now appeals the trial court's order to dismiss the case for want of prosecution.

The trial court's authority to dismiss a case for want of prosecution derives from two sources: Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice...." Tex.R. Civ. P. 165a; *Villarreal*, 994 S.W.2d at 630. The trial court possesses the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). A plaintiff must prosecute the case to a standard of "reasonable diligence" and in resolving the issue of reasonable diligence, the court may consider the entire trial history with no single factor being dispositive. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984). The trial court's decision to dismiss a case for want of prosecution may only be reversed upon a showing of abuse of discretion. *See Williams*, 543 S.W.2d at 90. An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

The trial court in its dismissal order provided "... Plaintiff failed to appear for jury selection and styled cause should be dismissed for want of prosecution." In response to a request for findings of fact and conclusions of law, the trial court issued a memorandum listing a series of events related to its dismissal order including: the motion for continuance submitted three days prior to the first trial date, the affidavit stating Mr. Chu was necessary for the trial, the granting of the continuance, the failure of appellant to announce ready on the morning of March 7th, the appearance of Mr. Lupo instead of Mr. Chu and Ms. Hung, Mr. Lupo's failure to appear for jury selection, and Mr. Lupo's failure to provide an explanation for the absence of his client and Mr. Chu on March 7, 2005.

Appellant urges the trial court abused its discretion in dismissing the case as Mr. Lupo had been delayed in traffic and consequently his failure to appear at jury selection was "not intentional or the result of conscious indifference but was due to an accident or mistake" and consequently the trial court "shall reinstate the case." *See* Tex.R. Civ. Proc. 165(a)(3).

Based on the facts before the trial court, we are unable to say the trial court abused its discretion in to dismiss this three-year-old case for want of prosecution. We affirm the trial court's order.