**Mariano MORENO d/b/a Southern Insulation Company,**
**Appellant,**

v.

**RELIABLE INSULATION, INC., Appellee.**

**No. 05–05–01440–CV.**

Court of Appeals of Texas, Dallas.

March 26, 2007.

Mariano Moreno, Dallas, pro se.

Douglas Edward Lattanzio, Jameson & Dunagan, P.C., Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

In this appeal following a trial before the court without a jury, Mariano Moreno d/b/a Southern Insulation Company contends the trial court erred in the manner it addressed various procedural matters at trial. After reviewing the issues presented and the appellate record, we resolve all of Moreno's issues against him.

Reliable Insulation, Inc. filed suit against Mariano Moreno alleging he failed to pay for insulation supplies delivered to him by Reliable Insulation. Moreno answered and filed counterclaims. After hearing the evidence, the trial court signed a judgment awarding Reliable Insulation $39,602.56 in damages and $8,000 in attorney's fees. The court also awarded post-judgment interest. All other relief requested was denied.

In his first issue on appeal, Moreno contends the trial court erred in awarding Reliable Insulation excessive attorney's fees because there is no evidence or insufficient evidence to support the award. The trial court may award those fees that are "reasonable and necessary" for the prosecution of the suit. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex.1991). To determine the amount that

is "reasonable and necessary," the court may draw upon its common knowledge and experience and consider such factors as the time and labor required, complexity of the case, the fee customarily charged in the area for similar legal services, the results obtained, and the experience of the lawyer performing the services, among other factors. *See SAS & Assocs., Inc. v. Home Mktg. Servicing, Inc.,* 168 S.W.3d 296, 304 (Tex.App.-Dallas 2005, pet. denied).

■ The attorney representing Reliable Insulation testified at trial about the amount of fees he was seeking to recover. He stated he had been practicing law for fourteen years and was familiar with cases of the type at issue here. He further testified that his work on this case included preparing demand letters, attempting to resolve the case with Moreno before filing suit, preparing the petition and discovery, attending summary judgment hearings and mediations, and preparing for and attending trial. Finally, the attorney testified that, based upon his hourly rate, a fee of $8,000 was reasonable. Moreno did not present any controverting evidence. In light of the evidence presented, we cannot say the evidence fails to show the amount is reasonable and necessary or that the award is clearly wrong and manifestly unjust. We resolve Moreno's first issue against him.

■ In his second issue, Moreno contends the trial court erred in allowing Reliable Insulation's attorney to testify about his fees. Moreno provides no argument to support his contention. Neither does he cite any cases in support of his point. Accordingly, Moreno has waived this issue on appeal. *See* Tex.R.App. P. 38.1(h); *Huey v. Huey,* 200 S.W.3d 851, 854 (Tex. App.-Dallas 2006, no pet.). We resolve Moreno's second issue against him.

In his third issue, Moreno contends the trial court erred in failing to rule on his objections on numerous occasions. Moreno cites to only two objections in the record, however, to support his contention. In the first instance, Moreno objected to certain testimony based solely on the fact that he disagreed with the statement being made. In response, the trial court properly informed Moreno that he would be allowed to present opposing testimony later. The second objection Moreno cites to was made by counsel for Reliable Insulation, not Moreno. Although the court did not address the specific ground upon which the objection was based, it clearly made a ruling on the evidence being offered. We resolve Moreno's third issue against him.

■ In Moreno's fourth issue, he appears to argue that the trial court erred in not allowing his expert witness, Rufus Hampton, to testify. At the beginning of trial, counsel for Reliable Insulation invoked "the rule" and the court ordered all persons intending to testify to leave the courtroom. Hampton responded that he was not going to testify. Counsel for Reliable Insulation then stated he wanted to make it clear that Hampton would not be permitted to testify because he was remaining in the courtroom. The court responded, "That's correct." Moreno never objected to Hampton not being permitted to testify because he intended to remain in the courtroom throughout the trial. Because Moreno never objected to Hampton's exclusion, he has not preserved this issue for appellate review. *See* Tex.R.App. P. 33.1; *In re C.O.S.,* 988 S.W.2d 760, 765 (Tex.1999). We resolve Moreno's fourth issue against him.

Moreno's fifth, sixth, seventh, and eighth issues are unsupported by any argument or authority. *See* Tex.R.App. P. 38.1(h); *Huey,* 200 S.W.3d at 854. Furthermore, Moreno did not object to any of the actions

about which he complains in these issues. *See* TEX.R.APP. P. 33.1; *In re C.O.S.*, 988 S.W.2d at 765. We resolve Moreno's fifth through eighth issues against him.

In his ninth issue, Moreno argues the trial court erred in acting improperly as an advocate for Reliable Insulation by questioning the witnesses. We review the trial court's questioning of a witness under an abuse of discretion standard. *See Cason v. Taylor*, 51 S.W.3d 397, 405 (Tex.App.-Waco 2001, no pet.). Although a trial judge should not act as an advocate, a judge may put material questions to a witness to elicit evidence that has not otherwise been brought out. *See Born v. Virginia City Dance Hall and Saloon*, 857 S.W.2d 951, 957 (Tex.App.-Houston [14th Dist.] 1993, writ denied). After reviewing the record, we conclude the trial court did not abuse its discretion in its questioning of the witnesses. We resolve Moreno's ninth issue against him.

In his tenth and eleventh issues, Moreno argues the trial court erred in stating a conclusion of law before all the evidence had been presented and in not giving him an opportunity to present his counterclaim at trial. Neither of these issues is supported by argument or authority. *See* TEX.R.APP. P. 38.1(h); *Huey*, 200 S.W.3d at 854. In addition, Moreno never objected at trial to either of these alleged errors by the trial court. *See* TEX.R.APP. P. 33.1; *In re C.O.S.*, 988 S.W.2d at 765. Accordingly, Moreno has waived these complaints for appellate review. We resolve Moreno's tenth and eleventh issues against him.

We affirm the trial court's judgment.