**Melvin JOHNSON, Appellant,**

v.

**James Brian HAWKINS II and Banks & Hawkins, Appellees.**

**No. 05–07–00601–CV.**

Court of Appeals of Texas, Dallas.

May 5, 2008.

Rehearing Overruled June 17, 2008.

Steven E. Clark, Clark, Ashworth & Milby, Dallas, TX, for Appellant.

James Banks, Dallas, TX, James Brian Hawkins, II, Dayton, OH, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

The trial court dismissed appellant's case for want of prosecution. In one issue, appellant contends the trial court erred in denying his motion to reinstate the case. We affirm.

## Background[1]

On July 28, 2005, appellant sued appellees for legal malpractice. The case was set for trial on September 26, 2006, but was not reached. That same day, the Honorable David Evans, the trial judge for the 193rd Judicial District Court, issued an order resetting the case for trial on February 20, 2007 at 8:30 a.m. The order stated " *Parties are to announce the Thursday and Friday until 10:00 a.m. the week prior to trial, ready/not ready for trial, length of time for trial, and the number of witnesses you anticipate calling." The order mandated:

When no announcement is made for **Plaintiff**, or the Plaintiff fails to appear, the court intends to dismiss this case for want of prosecution, under T.R.C.P. 165a and IN THE EXERCISE OF THE COURT'S DISCRETION PURSUANT TO IT'S [sic] INHERENT POWER TO DISMISS CASES NOT DILIGENTLY PROSECUTED, and will hold a hearing at the time of trial on dismissing this case for want of prosecution.

Finally, the order provided " *Only Attorneys called to trial must appear, unless otherwise instructed by the Administrator."

On January 1, 2007, the Honorable Carl Ginsberg assumed the bench of the 193rd Judicial District Court and John Warren, the coordinator for the 193rd Judicial District Court, became the Dallas County District Clerk. At some point, Ira Rhone became the court coordinator for the 193rd Judicial District Court. Appellant did not appear for trial on February 20, 2007, and Judge Ginsberg dismissed the case based on appellant's failure to appear and "all other grounds supported by the file."

On March 5, 2007, appellant filed a motion to reinstate the case.[2] On March 29, 2007, Judge Ginsberg held a hearing on the motion at which appellant, but not appellees, appeared. At the hearing, Sedrick King, a paralegal for appellant's counsel, testified he contacted the court the week prior to trial and announced appellant was ready for trial by leaving a mes-

---

1. Appellees failed to file a brief and this case was submitted based on appellant's brief only.

2. Appellant filed a motion to reinstate on February 21, 2007. Judge Ginsberg denied the motion on February 28, 2007 because appellant failed to include a certificate of conference on the motion.

sage in the court coordinator's voice mail. He called the court the Friday before trial and spoke to one of the clerks. Based on that conversation, he understood the case was fifth or sixth on the court's docket. On Tuesday, February 20, he called the court around 10:30 a.m. to determine the case's position on the docket and learned the case had been dismissed for want of prosecution. King testified he was never told appellant's counsel needed to appear on February 20, 2007.

Steven Clark, appellant's counsel, testified he has been licensed to practice law since May 1978, and has been in private practice in Dallas since 1980. He primarily practices civil litigation and has never had a case dismissed for want of prosecution prior to this case. Because he had an engagement out of the office, he asked King to contact the court and announce ready for trial. He also had appellant travel from Venice, Florida for the trial setting.

Clark testified they announced ready for the first trial setting on September 26, 2006 and were told they were in the top ten cases on the docket. They were on standby and did not have to appear for docket call. When the case was not reached for trial, the court coordinator informed him the case was reset. In Clark's experience in Dallas County, the first four cases on the docket are called to trial. Any cases not in the top four are on standby and the court coordinator or a clerk will call if the case is reached for trial. Clark thought this case was on standby for the February 20, 2007 trial setting. He was ready for trial if he had been notified the case had been called.

Judge Ginsberg indicated Rhone was available to answer any questions about the February 20, 2007 docket call. Appellant declined to call Rhone as a witness. Judge Ginsberg then stated "[t]he Court is curious as to what—to get to the bottom of what happened." Judge Ginsberg proceeded to call Rhone as a witness and to question her. Appellant did not object to Judge Ginsberg either calling Rhone as a witness or questioning her. Rhone testified she recalled King announcing ready. King asked her where the case was on the docket and, although she does not remember where the case was, she relayed that information to King at the time. King called back "the next day or so," and she told him that "they" needed to be at docket call.

Appellant's motion to reinstate was overruled by operation of law.

## Standard of Review

 We review the trial court's denial of a motion to reinstate for an abuse of discretion. *Hung v. Bullock*, 180 S.W.3d 931, 932 (Tex.App.-Dallas 2006, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). However, a trial court does not abuse its discretion when it bases its decision on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex.1998) (orig.proceeding); *Richmond Condos. v. Skipworth Commercial Plumbing, Inc.*, 245 S.W.3d 646, 664 (Tex.App.-Fort Worth 2008, no pet. hist.). We may not reverse for abuse of discretion merely because we disagree with the decision of the trial court. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995).

## Analysis

 Relying on Texas Rule of Civil Procedure 165a, appellant's sole contention

on appeal is the trial court abused its discretion in denying appellant's motion to reinstate. Under rule 165a, in relevant part, a trial court may dismiss a case on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX.R. CIV. P. 165a(1). However, a case shall be reinstated upon a finding by the trial court that the failure of the party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX.R. CIV. P. 165a(3). This standard is "essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex.1995) (per curiam). A failure to appear is not intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification. *Id.* "Proof of such justification-accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* Further, "conscious indifference means more than mere negligence." *Id.* at 468. Whether the failure to appear was " 'not intentional or the result of conscious indifference,' is a fact-finding within the trial court's discretion." *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex.App.-Dallas 1985, no writ); *see Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.-Texarkana 1995, writ denied).

Appellant does not dispute he had notice of the trial setting and that neither appellant nor his counsel appeared for trial. Rather, appellant argues the failure to appear was not intentional or due to conscious indifference because Clark believed the case was on standby and he would be contacted if the case was called to trial. In support of this position, Clark testified about the procedure used by the trial court in September 2006, pursuant to which only the top four cases were required to appear at docket call. King testified he announced ready for the February 20, 2007 trial setting, learned the case was not in the top four, and was not told by the court coordinator that appellant and his lawyers had to be present at docket call. In contrast, Rhone testified she told King that "they needed to be here."

■■■ Appellant asserts Rhone's testimony is irrelevant because Rhone was called and questioned by the trial court after appellant declined to do so. We do not endorse a trial judge's decision to call and question a witness. *See Moreno v. Reliable Insulation, Inc.*, 217 S.W.3d 769, 772 (Tex.App.-Dallas 2007, no pet.); *Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A"*, 192 S.W.3d 120, 130 (Tex.App.-Houston [14th Dist.] 2006, no pet.). However, appellant did not object to the procedure. *See* TEX.R.APP. P. 33.1(a); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001) (per curiam). Therefore, Rhone's testimony was before, and could be considered by, the trial court.

The fact-finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hinkle v. Hinkle*, 223 S.W.3d 773, 778 (Tex.App.-Dallas 2007, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex.2005)). We may not substitute our judgment for the fact-finder's, even if we would reach a different answer on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998); *Garner v. Garner*, 200 S.W.3d 303, 308 (Tex.App.-Dallas 2006, no pet.) ("Because the trier of fact is in a better position to determine the candor, demeanor, and credibility of the witnesses, we will not substitute our judgment for that of the trial court.").

In considering the conflicting evidence, Judge Ginsberg could properly find (1)

Rhone told King that appellant and his counsel needed to be present at trial; (2) appellant and his attorney failed to appear; and (3) Clark's reliance on the procedures used by the previous judge and coordinator of the 193rd Judicial District Court, without confirming the new judge would utilize the same procedures, showed appellant and his attorney acted intentionally or with conscious indifference in failing to appear. *See Garcia v. Barreiro,* 115 S.W.3d 271, 277 (Tex.App.-Corpus Christi 2003, no pet.) (trial court did not err in denying motion to reinstate when attorney left court, relying on fact two cases were ahead of appellant's case on trial docket, without assurance from court coordinator case would not be reached for trial). Because there was conflicting evidence before the trial court, it did not abuse its discretion in denying appellant's motion to reinstate. *See Nawas v. R & S Vending,* 920 S.W.2d 734, 738 (Tex.App.-Houston [1st Dist.] 1996, no writ) (trial court did not abuse its discretion in denying motion to reinstate when there was conflicting evidence regarding whether counsel was too ill to appear at trial).

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.