

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00445-CV

MAILING HENDERSON, APPELLANT

V.

DAVID LEWIS, APPELLEE

On Appeal from the 68th District Court
Dallas County, Texas
Trial Court No. DC-13-01518, Honorable Martin J. Hoffman, Presiding

May 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Mailing Henderson appeals from a dismissal of her lawsuit against appellee David Lewis. She had sued him for breach of fiduciary duty, shareholder oppression, and conversion with respect to her investment in multiple limited partnerships. When her attorneys failed to appear for trial, the trial court dismissed the lawsuit and later denied a motion to reinstate. Henderson has appealed from the trial court's denial of that motion. We affirm.

We review a trial court's ruling on a motion to reinstate for abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467 (Tex. 1995). Such an abuse occurs when the trial court acts without reference to guiding rules and principles or its decision was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Furthermore, we are obligated to defer to the trial court's resolution of factual disputes under that standard of review. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009).

Next, a court may reinstate a case upon a finding after a hearing that the failure of the party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or is otherwise reasonably explained. TEX. R. CIV. P. 165a(3). A failure to appear is not intentional or the result of conscious indifference merely because it is deliberate, but it must be without justification. *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d at 468. Additionally, "[w]hether the party's or attorney's conduct was 'not intentional or the result of conscious indifference,' is a fact-finding within the trial court's discretion." *Price v. Firestone Rubber & Fire Co.*, 700 S.W.2d 730, 733 (Tex. App.—Dallas 1985, no writ). "After this finding is made, the language of the rule is mandatory." *Id.*

Here, the record discloses that the cause had previously been set for trial on May 6, 2014, and notices had been sent informing the litigants that a failure to appear would subject the case to dismissal. Henderson does not contend that she failed to receive that notice.[1] Before that scheduled trial date, an agreed scheduling order was signed by

---

[1] The case was originally filed in the 193rd District Court of Dallas County. The clerk's file contains a copy of a document entitled "193rd Judicial District Court's Standing Scheduling Order" in which it states that "[u]nless otherwise notified by the Court Coordinator, all Counsel must appear on the morning of the Trial Date, with witnesses on one-hour standby. Counsel should be advised that, if their

2

the trial court, which order reset trial for November 18, 2014. A week before that trial date, Henderson's attorneys filed a second motion to withdraw from representing her due to irreconcilable differences.[2] The court coordinator represented to the court that she contacted Henderson's counsel on the Thursday prior to trial.[3] When she asked if Henderson was ready for trial, she was informed by the attorney she spoke to that Henderson was not because there was a motion to withdraw pending.[4] The court coordinator stated that she told the attorney that he still needed to appear. So too did she represent that she also spoke to another of Henderson's attorneys and made it clear that Henderson needed to appear.[5]

Also of record is evidence that a legal assistant for Henderson's attorney called the court coordinator on the Monday before trial and informed her that the hearing on the motion to withdraw would be cancelled. At that time, according to the record, the court coordinator told the caller that the attorneys needed to appear for trial on November 18th. Finally, the court coordinator represented that she never told the attorneys they were on standby.

---

case is not reached on the morning of the trial date, they are subject to being held-over on standby for the rest of the week." On Henderson's motion, this case was later transferred to the 68th District Court. Under the original scheduling order, trial was scheduled for January 7, 2014.

[2] There is indication in the record that the first motion to withdraw was denied.

[3] The court coordinator was not sworn in as a witness, but the trial judge questioned her on the record, and Henderson's attorney did not object. *See Johnson v. Hawkins*, 255 S.W.3d 394, 398 (Tex. App.—Dallas 2008, pet. ref'd) (noting that while the appellate court did not endorse a trial judge's decision to call and question a witness, because there was no objection, the testimony could be considered by the trial court); *see also Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding that a party can waive the oath requirement by failing to object when the opponent knows or should have known that an objection was necessary). Moreover, Henderson's attorney stated he was "not going to challenge what she says."

[4] That motion was withdrawn on November 17, 2014.

[5] That attorney believed they only talked about the position of Henderson's case on the docket, which was third.

3

Henderson's counsel contended that they misunderstood the circumstances and believed they were on standby based on their practice in Houston courts and their interpretation of a local rule. Whether that is true is a factual determination lying within the bailiwick of the trial court's discretion. Whether to believe counsel's testimony or that of the court coordinator also lay within the trial court's discretion. *Wilson v. Wilson*, No. 01-06-00908-CV, 2010 Tex. App. LEXIS 4856, at *28-29 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet.) (mem. op.) (stating that the trial court could have disbelieved testimony from the attorney that the court clerk had told him that the case had been reset as an explanation for his failure to appear). Indeed, it is "in the best position to determine the weight to give" a witness's testimony. *Id.* And, given the decision to deny reinstatement, the trial court must have believed his court coordinator.

More importantly, this case was transferred to this court from the Dallas Court of Appeals; thus, we must follow its precedent. TEX. R. APP. P. 41.3. And such precedent exists in *Johnson v. Hawkins*, 255 S.W.3d 394 (Tex. App.—Dallas 2008, pet. denied). There, the trial court considered whether an attorney's failure to appear constituted accident or mistake when the attorney did not appear because he also believed the cause was on standby and that he would be contacted if he needed to appear. There, like here, the court coordinator also testified she told counsel he "'needed to be here.'" *Id.* at 398. Upon hearing this evidence, the trial court refused to vacate its dismissal and reinstate the cause. On appeal, the reviewing court held that the trial court could have found that the attorney was told he needed to be present, he failed to appear, and his reliance on procedures used by a previous judge and court coordinator without confirming that a new judge would use the same procedures showed the attorney acted

4

with conscious indifference in failing to appear. *Id.* at 398-99. We do not see a material distinction between these facts and those before us. *See also Garcia v. Barreiro*, 115 S.W.3d 271, 277 (Tex. App.—Corpus Christi 2003, no pet.) (holding that there was no error in denying a motion to reinstate when the attorney left court and relied upon the fact that two cases were ahead of his case on the docket without any assurance that his case would not be reached for trial). Consequently, we are obligated to comply with the reasoning and holding in *Johnson*.

Appellant cites to *Smith v. Babcock & Wilcox Constr. Co.* in support of her position that the failure to appear was an accident or mistake. In that case, the attorney failed to appear because he was in trial in another county, he had informed the court of that fact, and he believed that the court would grant a continuance even though it had previously denied one. The court found that the attorney's actions did not amount to conscious indifference. *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d at 467-68. The facts before us are distinguishable. Here, there was evidence, which the trial court chose to believe, that the attorneys had been told to appear even though their case was third on the docket. There was no evidence that the attorneys were trying another case about which they had informed the court.

Concluding that the trial court did not abuse its discretion in refusing to reinstate the cause, we overrule the sole issue before us.

Accordingly, the order of dismissal is affirmed.


Per Curiam