Opinion by Justice Burgess
Trenia Ransom, Tiffany Dixon, and Judy Washington (Appellants) appeal the trial court's refusal to reinstate their personal injury case against Melissa Jill Gibson, which was dismissed, with prejudice, after Appellants and their counsel failed to appear for trial. We find no abuse of discretion in the trial court's decision to overrule Appellants' request to reinstate their personal injury case. However, because the dismissal was not the result of a determination on the merits of the case, we modify the trial court's judgment to reflect that the dismissal is without prejudice. As modified, we affirm the trial court's judgment.
I. Factual and Procedural Background
On July 20, 2015, Gibson allegedly crashed into the back of a motor vehicle, occupied by Appellants, which had stopped at an intersection to allow for a pedestrian's safe passage. Appellants sued Gibson for negligence.
The case was originally set for trial on April 3, 2017, but the trial court granted Appellants' request for a 130-day continuance and reset the case for trial on September 11, 2017. On September 6, 2017, Gibson notified the trial court that she *91 received word from Appellants' attorney that the case had to be continued. In her letter to the trial court, Gibson requested the next available trial setting.
The trial court sent notice to all parties that it had set the case for trial on November 6, 2017, at 9:00 a.m., and instructed the parties to contact the court as soon as possible "[i]n case of conflicts." Prior to the October 12, 2017, pre-trial hearing, Appellants' attorney filed a motion to withdraw from the case and a motion to substitute Alex Presti as Appellants' lead counsel. The trial court granted both motions. However, on October 12, Appellants' counsel "announced ready and never mentioned any trial set for the same date in Dallas County." On November 3, 2017, the Friday before the Monday, November 6, trial, Appellants filed their motion in limine, exhibit list, witness list, and proposed jury charge.
Appellants and Presti failed to appear on the day of trial for jury selection. After the trial court noticed the "fail[ure] to appear and prosecute [the] action," Gibson moved to dismiss all of Appellants' claims. The trial court granted Gibson's motion and entered an order of dismissal.
Appellants filed a motion to reinstate the case, which represented (1) that their failure to appear was not intentional, (2) that Presti's "office communicated to the court that [Presti] was called in an older case, Cause Number DC-14-12179 in the 192nd District Court in Dallas County," and (3) that Presti's unnamed "staff member that spoke with the court on Friday, November 3rd, mistakenly believed Counsel did not need to appear on this case." The motion to reinstate contained a deficient purported verification, which stated:
BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Samantha Sabroski, who being by me first duly sworn did on his/her oath depose and say that he/she is a person duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing Verified Motion to Reinstate; that the facts in it are within his/her personal knowledge, and are true and correct.
Sabroski did not sign the verification, which was signed instead by Presti. In addition to arguing that the assertions contained in Appellants' motion to reinstate were hearsay, Gibson specially excepted to the purported verification and prayed that it be stricken by the trial court.
The trial court set the motion to reinstate, as well as Gibson's motion for special exceptions, for a December 4, 2017, hearing. Presti did not appear at this critical hearing. Instead, Appellants were represented by Adrian Baca. Baca argued that an unnamed staff member "was under the impression when he spoke to the court coordinator" that Presti was not required to appear for trial. The trial court then promptly informed Baca that "no one spoke with my coordinator.... [a]nd no one notified [Gibson's] counsel." Gibson's counsel also pointed out, "[W]e have no affidavit from the [unnamed] member of their staff verifying exactly what was said." After Gibson's counsel argued that he was never contacted by Presti's office regarding any conflicting trial setting, Baca responded,
[Y]ou know, we were under the impression, like I said before, that there was no need to appear and typically the Court Coordinator passes it on or someone from the Court's staff passes that on to the defense attorney. That's just, kind of, how it works.
And as far as that trial setting in Dallas ... I guess we're expecting-well, not-not expecting it to go forward and so when it did we-our staff member contacted your Court. He says he-he tells us that he did, and, you know-and *92 to dismiss this case would be unfair to Ms. Ransom, Ms. Dixon and Ms. Washington because of essentially a misunderstanding, Your Honor.
Aside from the mention of an unnamed staff member's confusion, Baca offered no evidence at the hearing. Baca also failed to explain how a staff's member's confusion on whether Presti was required to appear could be imputed to Presti himself, an attorney who was duly informed that the case was set for a jury trial on November 6. The trial court informed Baca that the case "was the only case ... set for selection" on November 6, the jury panel was sent home, "and the county had to pay for it."
At the conclusion of the hearing, the trial court noted that Appellants had failed to file a response to Gibson's motion for special exceptions, granted Gibson the full relief requested in her motion, and denied Appellants' motion to reinstate the case.
II. We Have Jurisdiction Over This Appeal
The trial court entered its order of dismissal on November 6, 2017. Appellants' notice of appeal was due on December 6, 2017, but was not filed by that deadline. See TEX. R. APP. P. 26.1. Although a verified motion to reinstate the case extends that deadline, Appellants' motion to reinstate was improperly verified, and the trial court sustained Gibson's special exception, which pointed out the defect.[1] See Twist v. McAllen Nat'l Bank , 294 S.W.3d 255, 260 (Tex. App.-Corpus Christi 2009, no pet.) (concluding that an improper verification of a motion to reinstate fails to extend appellate deadlines). As a result, Gibson first argues that we lack jurisdiction over this appeal.
However, Rule 26.3 of the Texas Rules of Appellate Procedure provides for a fifteen-day grace period for filing a notice of appeal if "within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion" for extension of time. TEX. R. APP. P. 26.3. Here, the notice of appeal was filed on December 20, 2017, which was within fifteen days of the December 6 deadline. Because a motion for extension of time is implied in civil cases, we conclude that the notice of appeal was timely under Rule 26.3. See Bowers v. Bank of Am., N.A. , No. 06-15-00080-CV, 2016 WL 348753, at *1 (Tex. App.-Texarkana Jan. 28, 2016, no pet.) (mem. op.); Paul v. Red Rock Pipeline & Irrigation, LLC , No. 06-15-00069-CV, 2015 WL 6744585, at *1 (Tex. App.-Texarkana Nov. 5, 2015, no pet.) (mem. op.). Accordingly, we have jurisdiction over this appeal.
III. The Trial Court Did Not Abuse Its Discretion in Denying Appellant's Motion to Reinstate the Case
"Under Rule 165a, there are two grounds for dismissal for want of prosecution." In re Conner , 458 S.W.3d 532, 535 (Tex. 2015) (per curiam) (orig. proceeding) (citing TEX. R. CIV. P. 165a(1) ). "One is when a 'party seeking affirmative relief [fails] to appear for any hearing or trial of which the party had notice.' " Id. (quoting TEX. R. CIV. P. 165a(1) ). "In such cases, '[a] court shall dismiss ... unless there is good cause for the case to be maintained on the docket.' " Id. (quoting TEX. R. CIV. P. 165a(1) ). Parties affected by a Rule 165a(1) dismissal may file a verified motion to reinstate the case. TEX. R. CIV. P. 165a(3). At a hearing on such motion, "[t]he court shall reinstate the case upon finding after a hearing that the failure of *93 the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Id. "The movant for reinstatement bears the burden to produce evidence supporting the motion." Keough v. Cyrus USA, Inc. , 204 S.W.3d 1, 3-4 (Tex. App.-Houston [14th Dist.] 2006, pet. denied).
"A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." Smith v. Babcock & Wilcox Const. Co. , 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). "Proof of such justification-accident, mistake or other reasonable explanation-negates the intent or conscious indifference for which reinstatement can be denied." Id. "Whether the party's conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion." Clark v. Yarbrough , 900 S.W.2d 406, 409 (Tex. App.-Texarkana 1995, writ denied). "A trial court's denial of a reinstatement motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb it absent a showing of abuse." Id. (citing Levermann v. Cartall , 715 S.W.2d 728, 729 (Tex. App.-Texarkana 1986, writ ref'd n.r.e.) ); see Johnson v. Hawkins , 255 S.W.3d 394, 397 (Tex. App.-Dallas 2008, pet. denied). "A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles." Johnson , 255 S.W.3d at 397 (citing Downer v. Aquamarine Operators, Inc. , 701 S.W.2d 238, 241-42 (Tex. 1985) ).
Here, the trial court could have found that Appellants did not meet their burden of production on their motion to reinstate the case. Appellants' non-verified motion to reinstate the case alleged only that the failure to appear for trial was not intentional, but made no mention of whether it was the result of conscious indifference. The trial court heard that Presti had known of the allegedly conflicting trial setting in Dallas before November 6. Yet, no evidence was introduced showing that Presti was the attorney representing a party in the Dallas case.[2] Although the trial court heard unsworn argument from Baca regarding an unnamed staff member's alleged misunderstanding that Presti was not required to appear for a jury trial, it was not required to find that explanation credible. See Kirkpatrick v. Silva , No. 04-17-00146-CV, 2018 WL 521628, at *5 (Tex. App.-San Antonio Jan. 24, 2018, no pet.) (mem. op.). In fact, the trial court clarified on the record that no one from Presti's office had spoken with the trial court to inform it of any pending conflicts. Also, no evidence was presented that Presti himself was uninformed that he was required to appear for the jury trial Appellants had requested, given that it was the only case set for November 6. Thus, the trial court was free to conclude that Presti made no effort to resolve any allegedly conflicting trial settings.[3]
*94 On the record presented in this case, the trial court was free to find, among other possibilities, (1) that Appellants and Presti knew they were required to be present to select the jury on November 6, (2) that Presti knew of a conflicting setting in Dallas before November 6, which allegedly required his presence, (3) that Appellants and Presti failed to notify anyone about the conflicting setting, and (4) that Appellants and Presti failed to appear for trial. Thus, the trial court could conclude that Appellants presented no reasonable explanation or justification for their failure to appear and that their failure to appear was the result of conscious indifference. See Johnson , 255 S.W.3d at 399 (citing Garcia v. Barreiro , 115 S.W.3d 271, 277 (Tex. App.-Corpus Christi 2003, no pet.) ). Accordingly, we find no abuse of discretion in the trial court's decision to deny Appellants' motion to reinstate the case.
IV. We Modify the Judgment to Reflect Dismissal Without Prejudice
"A dismissal for failure to appear at trial or for want of prosecution should be without prejudice." Arrow Marble, LLC v. Estate of Killion , 441 S.W.3d 702, 707 (Tex. App.-Houston [1st Dist.] 2014, no pet.) (citing Att'yGen. of Tex. ex rel. Wash. v. Rideaux , 838 S.W.2d 340, 341-42 (Tex. App.-Houston [1st Dist.] 1992, no writ) ("[A] trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim.") ). Thus, the trial court's dismissal should have been without prejudice. See Tex. Soc., Daughters of the Am. Revolution, Inc. v. Estate of Hubbard , 768 S.W.2d 858, 862 (Tex. App.-Texarkana 1989, no pet.). Accordingly, we sustain Appellants' last point of error, but conclude that we may modify the trial court's judgment to properly reflect a dismissal without prejudice.
V. Conclusion
We modify the trial court's judgment to reflect that the dismissal was without prejudice and affirm the judgment, as modified.

Appellants do not challenge the trial court's decision to strike the verification.

"In the absence of evidence, a trial court does not abuse its discretion by denying a motion to reinstate." Keough , 204 S.W.3d at 4.

This case is easily distinguished from the Appellants' cited case of Smith v. Babcock & Wilcox Construction Co. , 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). There, the Texas Supreme Court reversed the trial court's denial of the appellant's motion to reinstate the case because "Smith's attorney tried to resolve the conflict by moving for continuance ... and mistakenly understood that a continuance would be granted." Id. Here, the trial court could have concluded that Appellants and Presti wholly failed to notify the trial court about any alleged conflict.