

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00375-CV

_____

BEVERLY RASCO, Appellant

V.

DUCARS INVESTMENT, LLC, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-0123-431

Dissenting Memorandum Opinion by Justice Wallach

## DISSENTING MEMORANDUM OPINION

The majority holds that Rasco successfully established that the trial court abused its discretion in refusing to grant her motion to reinstate her case after it was dismissed for want of prosecution. Because I would hold that the trial court did not abuse its discretion, I respectfully dissent.

Central to my conclusion that the trial court did not abuse its discretion is the fundamental principle, acknowledged by the majority, that an appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). In a trial to the court where no findings of fact or conclusions of law are filed, like here, the trial court's judgment implies all findings of fact necessary to support it. *Sellers v. Foster*, 199 S.W.3d 385, 392 (Tex. App.—Fort Worth 2006, no pet.). A trial court does not abuse its discretion in denying a motion to reinstate "when it bases its decision on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision." *Johnson v. Hawkins*, 255 S.W.3d 394, 397 (Tex. App.—Dallas 2008, pet denied); *see also In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding); *Richmond Condos. v. Skipworth Com. Plumbing, Inc.*, 245 S.W.3d 646, 664 (Tex. App.—Fort Worth 2008, no pet.). In the context of a motion to reinstate after dismissal, the question of whether a party's failure to appear was intentional or the result of conscious indifference is a fact question to be decided by the trial court in its

discretion. *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.—Texarkana 1995, writ denied); *see also Ransom v. Gibson*, 553 S.W.3d 89, 93 (Tex. App.—Texarkana 2018, no pet.). *But see Dolgencorp of Tex. Inc. v Lerma*, 288 S.W.3d 922, 925–27 (Tex. 2009); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (both reversing trial court's determination that proffered explanations for failure to appear was unreasonable, under abuse-of-discretion standard). While conscious indifference means more than mere negligence, it has been defined to mean "the failure to take action that would seem obvious to a reasonable person under the same circumstances." *McLeod v. Gyr*, 439 S.W.3d 639, 655 (Tex. App.—Dallas 2014, pet. denied); *Sellers*, 199 S.W.3d at 400 ("Conscious indifference, on the other hand, means failing to take some action that would seem to be indicated to a person of reasonable sensibilities under similar circumstances."); *see also Martin v. Sanders*, No. 01-18-00726-CV, 2019 WL 2750598, at *3 (Tex. App.—Houston [1st Dist.] July 2, 2019, no pet.) (mem. op.). Thus, in the absence of findings of fact in this case, the trial court's judgment implies the finding that Rasco's failure to appear was not adequately justified and therefore due to intentional or consciously indifferent conduct. *See Sellers*, 199 S.W.3d at 392.

The record reveals that there is evidence of a substantive and probative character to support a finding of conscious indifference in Rasco's failure to attend the dismissal hearing. The Notice of Dismissal Setting (dismissal notice) was sent on June 4, 2021, to all counsel, setting a dismissal hearing on August 20, 2021, at 3:00

p.m., unless certain specific steps were taken within certain designated times. Rasco's counsel therefore had seventy-eight days to file the appropriate paperwork to avoid a dismissal hearing. Not until August 11, 2021, at 2:05 p.m. did Rasco file a proposed scheduling order which, according to the court coordinator's electronic note on the filing, was rejected because the case had not been set for trial with the court and the scheduling order had not been signed by the clients. Both requirements were clearly set out in the dismissal notice. At the reinstatement hearing Rasco's counsel stated that she misunderstood the client-signature requirements to be only for pro se cases. This explanation is nonsensical since the dismissal notice expressly states that the client's signature is required if the party is represented by counsel. Rasco's counsel also said that she had contacted the court and obtained a trial setting, which was controverted by the coordinator's notation.

Rasco's counsel filed a second proposed scheduling order on August 17, 2021, just three days ahead of the dismissal hearing date. The notice required the proposed order to be filed no later than ten days before the hearing, so the second proposed order was submitted late.[1] The court coordinator rejected this proposed order with the notation, "REJECT: The attys still have not set the trial with the court, the Order is not readable, AND the deadline to efile the Scheduling Order was 8/13/21. The atty must appear on Friday with a signed, readable Scheduling Order." Rasco's

---

[1]Rasco's counsel, for some unexplained reason, allegedly thought the order was due no later than forty-eight hours before the hearing.

4

counsel denied having seen this rejection before the dismissal hearing.[2] However, both sides' counsel acknowledged to the trial court at the reinstatement hearing that Ducars's counsel had its paralegal send an email to Rasco's counsel at 11:04 a.m. on August 20, stating "I looked online at the DWOP setting for today. Still showing up. I'm going to confirm if you are going to appear or not. I see there is a note from the Judge regarding the scheduling order not being signed."

Rasco's counsel responded at 11:04 a.m. on the day of the hearing, "I'm sorry. I got so busy I did not get around to checking. We did get the client's signature, which was original objection, so I hope that is sufficient. I did not make it to court this morning. We will just have to wait and see."[3]

---

[2]Rasco's counsel admitted that she should have called and checked on the compliance status but was too busy at the time.

[3]Ducars's counsel read this email to the trial court at the hearing on Rasco's motion to reinstate. A party seeking reinstatement is entitled to an evidentiary hearing on the motion to reinstate. *Parker v. Cain*, 505 S.W.3d 119, 122–23 (Tex. App.—Amarillo 2016, pet. denied). When, during an evidentiary hearing, counsel makes unsworn factual statements as an officer of the court, on the record and without objection from opposing counsel, such statements are properly considered as evidence. *Est. of Hodges*, No. 02-20-00020-CV, 2022 WL 1420976, at *9 (Tex. App.—Fort Worth May 5, 2022, no pet. h.) (mem. op.); *see also Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding that attorney's unsworn statements attempting to prove up oral settlement agreement were properly considered as some evidence because opposing counsel did not object to statements that were clearly intended as evidentiary in nature); *Anderson v. Safeway Tom Thumb*, No. 02-18-00113-CV, 2019 WL 2223582, at *11–12 (Tex. App.—Fort Worth May 23, 2019, pet. denied) (mem. op.); *Kern v. Spencer*, No. 2-06-199-CV, 2008 WL 2854657, at *3 n.3 (Tex. App.—Fort Worth July 24, 2008, no pet.) (mem. op.).

So, almost four hours before the dismissal hearing was to start, Ducars's counsel sent an email to Rasco's counsel alerting her to the existence of a problem with the scheduling order and the pendency of the dismissal hearing and wanting to know if she was going to attend. Her response was, "We will just have to wait and see" what the court does. Wisely, Ducars's counsel chose to attend the dismissal hearing.

*Johnson v. Hawkins* is instructive on the issue of conscious indifference. Johnson failed to appear for trial, and the case was dismissed for failure to appear and "all other grounds supported by the file." 255 S.W.3d at 396. A motion to reinstate was filed and overruled. *Id.* at 397–98. On appeal, Johnson contended that the trial court erred in overruling the motion to reinstate because his failure to appear was not intentional or the result of conscious indifference but was due to an accident or mistake. The court summarized the testimony as follows:

> Appellant does not dispute he had notice of the trial setting and that neither appellant nor his counsel appeared for trial. Rather, appellant argues the failure to appear was not intentional or due to conscious indifference because Clark [appellant's counsel] believed the case was on standby and he would be contacted if the case was called to trial. In support of this position, Clark testified about the procedure used by the trial court in September 2006, pursuant to which only the top four cases were required to appear at docket call. King [appellant's counsel's paralegal] testified he announced ready for the February 20, 2007 trial setting, learned the case was not in the top four, and was not told by the court coordinator that appellant and his lawyers had to be present at docket call. In contrast, Rhone [court coordinator] testified she told King that "they needed to be here."

*Id.* at 398.

The *Johnson* court affirmed the denial of the motion to reinstate, noting,

> In considering the conflicting evidence, Judge Ginsberg could properly find (1) Rhone told King that appellant and his counsel needed to be present at trial; (2) appellant and his attorney failed to appear; and (3) Clark's reliance on the procedures used by the previous judge and coordinator of the 193rd Judicial District Court, without confirming the new judge would utilize the same procedures, showed appellant and his attorney acted intentionally or with conscious indifference in failing to appear. *See Garcia v. Barreiro*, 115 S.W.3d 271, 277 (Tex. App.—Corpus Christi[-Edinburg] 2003, no pet.) (trial court did not err in denying motion to reinstate when attorney left court, relying on fact two cases were ahead of appellant's case on trial docket, without assurance from court coordinator case would not be reached for trial). Because there was conflicting evidence before the trial court, it did not abuse its discretion in denying appellant's motion to reinstate. *See Nawas v. R & S Vending*, 920 S.W.2d 734, 738 (Tex. App.—Houston [1st Dist.] 1996, no writ) (trial court did not abuse its discretion in denying motion to reinstate when there was conflicting evidence regarding whether counsel was too ill to appear at trial).

*Id.* at 398–99.

The same analysis is applicable here. There was a dispute about whether counsel's subjective belief that she did not need to appear and why counsel behaved in the manner she did, were reasonable. At a minimum, Rasco's counsel was made aware by Ducars's counsel on the morning of the dismissal hearing that the court had advised them of a problem with the proposed scheduling order and that the dismissal hearing was still on the docket, and he wanted to know if she was going to attend. Rasco's counsel had not checked to see if the court coordinator had advised of any problems since she filed the second proposed scheduling order, and she did not do so after being alerted to a problem by Ducars's counsel. A person of ordinary intelligence

7

and diligence under that circumstance would be expected to look for the problem upon being alerted by opposing counsel. A quick review of the dismissal notice would have shown that the hearing was scheduled for 3:00 p.m. that afternoon, and a review of the court's docket (as had been done by opposing counsel) would have disclosed that the second order had not been signed by the court, confirming what opposing counsel had told her and alerting her to go to the hearing at 3:00 p.m. None of this was done. Instead, she just chose to simply "wait and see" what the court was going to do. Further, Rasco's counsel's repeated inattention to the clear and direct instructions in the dismissal notice could have been viewed by the trial court as a pattern of conscious indifference. *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168–69 (Tex. 2008).

Because the trial court denied the motion to reinstate after hearing evidence that supports its implied finding that Rasco's counsel's failure to appear at the dismissal hearing was the result of conscious indifference, instead of a justifiable excuse, I would hold that there was no abuse of discretion, and I would affirm the judgment of the trial court.

/s/ Mike Wallach

Mike Wallach
Justice

Delivered: September 22, 2022