

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00087-CV
_____

MICHELLE M. BUERGER, Appellant

V.

JENNIFER WINTON AND ABC, DEF, AND XYZ, Appellees

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 90757

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

In this appeal, Michelle M. Buerger argues that the trial court abused its discretion by dismissing her case for want of prosecution and by failing to reinstate her case. We find no abuse of discretion in the trial court's rulings on these matters. Accordingly, we affirm the trial court's dismissal order.

## I.      Factual and Procedural Background

In November 2021, Buerger sued Jennifer Winton and "ABC, and DEF, and XYZ," unknown individuals, for defamation, slander, and libel for alleging that Buerger was not sufficiently caring for a horse. Buerger's pro se petition was not served on anyone. As a result, on September 17, 2024, the trial court sent Buerger notice of its intent to dismiss the case for want of prosecution after a November 14 hearing.

At the November hearing, the trial court noted to Buerger that "nothing has been done on [the case], no service; so, I'm going to give you a year, but it's going to get dismissed next time." Before the trial court concluded the hearing, it warned Buerger that she would "have to get something moving on the[ case] because" it could not "just sit there."

Still, Buerger did not serve anyone, and there was no movement in the case. Accordingly, on June 3, 2025, the trial court sent Buerger another notice of its intent to dismiss the case for want of prosecution after a July 23, 2025, hearing. The trial court's notice warned Buerger that failure to appear at the hearing would result in dismissal of the case. Even so, Buerger informed the trial court on July 15 that she did not intend to appear at the July 23 hearing because she was out of the state due to family obligations. Because Buerger did not

appear at the July 23 dismissal hearing, the trial court dismissed the case for want of prosecution.[1]

On August 22, Buerger filed a motion to reinstate the case on the trial court's docket, which simply stated she was unable to attend the dismissal hearing. The motion was denied by the trial court.

## II.  Standard of Review

"We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiff[] exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). Similarly, "[a] trial court's denial of a reinstatement motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb it absent a showing of abuse." *Ransom*, 553 S.W.3d at 93 (quoting *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.—Texarkana 1995, writ denied)).

"A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles." *Johnson v. Hawkins*, 255 S.W.3d 394, 397 (Tex. App.—Dallas 2008, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## III.  Analysis

Buerger's pro se brief admits that no one was served with her petition. Even so, she argues that the trial court erred by dismissing her case because the trial court gave her a "prior

---

[1]Although not a point of error, Buerger questions whether the dismissal was with or without prejudice. Because the order specifies that it was a dismissal for want of prosecution, it shows that there was not a merits-based decision and that the dismissal was, therefore, without prejudice. *See Ransom v. Gibson*, 553 S.W.3d 89, 94 (Tex. App.—Texarkana 2018, no pet.) (citing *Tex. Soc., Daughters of the Am. Revolution, Inc. v. Est. of Hubbard*, 768 S.W.2d 858, 862 (Tex. App.—Texarkana 1989, no writ)).

oral allowance of a one-year period to perfect service" at the November 2024 hearing. Although the trial court warned Buerger that it was going to give her one year, nothing shows that the trial court gave Buerger permission to delay service or to otherwise do nothing for a year. Rather, the record shows that the trial court warned Buerger that she needed to "get something moving on the[ case] because" it could not "just sit there."

"A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Levetz*, No. 06-19-00086-CV, 2019 WL 5444158, at *2 (Tex. App.—Texarkana Oct. 24, 2019, orig. proceeding) (mem. op.) (alteration in original) (quoting *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding)). "A trial court may dismiss a suit for want of prosecution either under its inherent power or pursuant to Rule 165a of the Texas Rules of Civil Procedure." *Id.* (quoting *In re Crawford*, 560 S.W.3d 357, 364 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *In re Conner*, 458 S.W.3d at 534)).

"Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket." TEX. R. CIV. P. 165a(2). Further, "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). "At the dismissal hearing, the court must dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." *Id.*

Buerger's petition was filed in November 2021. Under Rule 6.1 of the Texas Rules of Judicial Administration, the trial court was encouraged to dispose of the case within no more

4

than eighteen months. *See* TEX. R. JUD. ADMIN. 6.1. That time passed without anyone being served. Moreover, Buerger sought affirmative relief by her petition but failed to appear for the dismissal hearing even though she had notice of it. Because she did not appear for the hearing, nothing shows that there was good cause to retain the matter on the trial court's docket. In her pro se brief, Buerger does not deny her failure to appear for the July 2025 dismissal hearing, nor does she challenge the trial court's inherent authority to dismiss the case based on inattentive prosecution. Consequently, nothing shows that the trial court abused its discretion by dismissing Buerger's case for want of prosecution.[2] We overrule Buerger's first point of error.

Buerger also filed a motion to reinstate the case. When a party seeking reinstatement meets Rule 165a(3) prerequisites, the trial court must set a hearing as soon as practicable. *See* TEX. R. CIV. P. 165a(3); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam) (orig. proceeding). Pursuant to Rule 165a(3), a motion to reinstate the case "shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file." TEX. R. CIV. P. 165a(3). "The court shall reinstate the case upon finding after a hearing that the failure of the party or h[er] attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.* "The movant for reinstatement bears the burden to produce evidence supporting the motion." *Ransom*, 553 S.W.3d at 93

---

[2]Although Buerger acknowledges that she received notice of the July dismissal hearing, she raises a general due process complaint for the first time on appeal. Buerger's due process complaint is unpreserved. *See* TEX. R. APP. P. 33.1. Even so, we note that the trial court afforded her the process she was due by sending notice of the hearing with a warning that failure to appear would result in dismissal of the case.

(quoting *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3–4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)).

Here, because Buerger had not served anyone, her motion for reinstatement was not served on any opposing party. Yet, even assuming that Buerger met the requirements of Rule 165a(3), the failure of a trial court to hold a hearing on a motion to reinstate a case is subject to a harmless error analysis. *See* TEX. R. APP. P. 44.1; *see also Curnutt v. Conocophillips Co.*, 508 S.W.3d 641, 644 (Tex. App.—El Paso 2016, no pet.); *Beames v. Hooks*, No. 01-14-00103-CV, 2015 WL 162226, at *8 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (mem. op.); *Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201, at *4 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740 (Tex. App.—Waco 2005, pet denied).

Under Rule 44.1(a) of the Texas Rules of Appellate Procedure,

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1)     probably caused the rendition of an improper judgment; or

(2)     probably prevented the appellant from properly presenting the case to the court of appeals.

TEX. R. APP. P. 44.1(a). Here, nothing shows that the failure to hold a hearing on the motion to reinstate would have led to a different result or would have aided Buerger in the presentation of her appeal to this Court.

Reinstatement was only required if Buerger's failure to appear at the July dismissal hearing was not intentional or the result of conscious indifference. "A failure to appear is not

intential or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Ransom*, 553 S.W.3d at 93 (quoting *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam)). "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* (quoting *Smith*, 913 S.W.2d at 468). "Whether the party's conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion." *Id.* (quoting *Clark*, 900 S.W.2d at 409).

Buerger was notified of the July 23, 2025, dismissal hearing on June 3. The body of Buerger's motion to reinstate simply states that she was not able to appear for the dismissal hearing but did not state why. As a result, the motion shows that Buerger knew about the July dismissal hearing but chose not to appear.

Even if the trial court had held a hearing in which Buerger could present the facts that Buerger's failure to appear was due to "family obligations," nothing shows that the result would be different since the trial court was free to determine that the nonappearance was intentional or the result of conscious indifference. In light of these facts, we do not find that Buerger was harmed by the trial court's lack of a hearing on her motion to reinstate the case. *See* TEX. R. APP. P. 44.1(a). We overrule Buerger's second point of error.

7

## IV. Conclusion

We affirm the trial court's dismissal order.

Scott E. Stevens
Chief Justice

Date Submitted:     March 16, 2026
Date Decided:       March 27, 2026